## In re GEDDES.

(District Court, M. D. Pennsylvania.　September, 1922.)

1. **Bankruptcy ⚖═225—Exceptions to report of audit by former referee must be decided on record as found by former referee.**

   On exceptions to report of audit made by former referee, a referee must base his decision on the record as found by the former referee, and not on statements made by counsel.

2. **Bankruptcy ⚖═345—Creditor, whom bankrupt had agreed to pay after payment to other creditors, entitled to prorate with other creditors.**

   A creditor to whom the bankrupt had agreed to pay a specified amount within six months after the payment of a specified amount to other creditors was entitled to prorate with other creditors.

In Bankruptcy.　In the matter of Howard P. Geddes, bankrupt. On exceptions by Augusta A. Bennett to referee's report of audit. Exceptions dismissed, and report confirmed.

Paul Bedford, of Wilkes-Barre, Pa., for exceptant.

D. A. Fell and G. Fred Lazarus, both of Wilkes-Barre, Pa., opposed.

WITMER, District Judge.　Referee Heller, in his report of audit, allowed the claim of Augusta A. Bennett and prorated her allowance with the general creditors of the bankrupt estate.　Mrs. Bennett's claim was founded on the following obligations:

"Now, 17th day of April, A. D. 1916, Howard P. Geddes, of the city of Wilkes-Barre, county of Luzerne, and state of Pennsylvania, in consideration of Augusta A. Bennett surrendering to me, Howard P. Geddes, the liquidating partner of Geddes & Bennett and forbearing the collection of two notes, which she now holds against Richard D. Bennett and Howard P. Geddes, which read as follows:

"The first thereof:

" '$2,500.00.　　　　　　　　　　　　Wilkes-Barre, Pa., Feb. 13, 1903.

" 'One day after date, we promise to pay to the order of A. A. Bennett twenty-five hundred and no/100 dollars, at the Second National Bank of Wilkes-Barre, Pa.　Value received, without defalcation, with interest.

　　　　　　　　　　　　　　　　　　" 'Howard P. Geddes,
　　　　　　　　　　　　　　　　　　" 'Richard D. Bennett.'

"The second thereof:

" '$1,000.00.　　　　　　　　　　　　Wilkes-Barre, Pa., March 9, 1903.

"Three days after date, we promise to pay to the order of A. A. Bennett one thousand and no/100 dollars at the Second National Bank of Wilkes-Barre, Pa.　Value received, without defalcation, with interest.

　　　　　　　　　　　　　　　　　　" 'Richard D. Bennett,
　　　　　　　　　　　　　　　　　　" 'Howard P. Geddes.'

"I hereby promise and agree to pay to Augusta A. Bennett, her heirs and assigns, $1,225.95, together with interest, payable annually, within six months after the payment of $12,700.00 to the Miners' Bank of Wilkes-Barre and $1,750.00 to Muser Bros., of New York, being the amounts now respectively due them for moneys loaned to the firm of Geddes & Bennett.

"[Signed]　　　　　　　　　　　　　　Howard P. Geddes.　[Seal.]
"In the presence of:　[Signed]　　　　　　　　　　E. A. Price, Jr."

The Miners' Bank and Muser Bros. took exceptions to the action of the referee, contending that they were entitled under the terms

of the obligation to preference of their claims. Referee Trescott, to whom the matter was referred on the retiring of the former referee, was persuaded to accept the conclusion of the exceptants and awarded the allowance on the Bennett claim to the exceptants. This action of the referee is before the court for review.

[1] Whatever may have been said by counsel in arguing the matter, the referee should not have lost sight of the proposition found before Referee Heller. It was his decision that was before the referee for reconsideration, and whether it should stand depends on the record as found by Referee Heller. She says, in her findings, that there was no testimony taken or preserved at the audit other than the agreement and note itself. Notwithstanding, she accepted the statements of counsel and turned away from the "agreement and note" to find a solution of the problem presented, resulting in a reversal of Referee Heller's order. In this there was error. Whether the Bennett claim is entitled to share in the bankrupt estate ratably with the general creditors, including the exceptants, as found by Referee Heller, as the matter is presented, depends on the writing given Mrs. Bennett by the bankrupt.

[2] The court is of the opinion that the order of the referee should have been affirmed and the exceptions dismissed. Though the payment of the Bennett note was deferred to the other notes mentioned, it was nevertheless a valid subsisting obligation against the bankrupt estate of equal merit as the claim of the exceptant as well as other general creditors, when bankruptcy ensued, and should be treated as debts and obligations of the same class on distribution.

Though the conclusions reached by Referee Trescott on admissions by counsel could be sustained, it would nevertheless not operate as a means of changing the standing of the claims here in controversy as related to the other general creditors of the bankrupt, even though it would change between themselves the relations of these parties which is indeed doubtful.

The exceptions to the report of audit by Referee Heller are dismissed, and the report is confirmed.