**In re TIGER.**

No. B 7283 a.

United States District Court,
D. New Jersey.

Feb. 8, 1952.

Samuel S. Black, Paterson, N. J., for trustee, Frank Sickinger.

Heyman Zimel, Paterson, N. J., for Heyman Zimel and Harry Goldstein, creditors.

Sandles & Sandles, Newark, N. J. (Lester Sandles, Newark, N. J.), for Irving Krause, claimant.

738

HARTSHORNE, District Judge.

The Referee herein ordered that the claim of Irving Krause, in the amount of $12,000, originally filed as a secured claim, be now filed, on his application, as a general claim, but "subordinating the payment thereof until the claims of the other creditors filed and allowed have been fully paid". Krause petitions for a review of this order, insofar as it provides for such subordination of his claim.

Pending these proceedings, but without having taken formal action therefor, the Trustee asked this Court to review the action of the Referee in dismissing the Trustee's counterclaim, to recover $3,000 cash received by Krause, out of the proceeds of a mortgage given by the bankrupt to Goldstein and Zimel, on the ground that same was a voidable preference.

There is ample evidence to support the "Findings of Fact" made by the Referee in his filed memorandum on the claim of Irving Krause, insofar as same describes the original formation of the Fairlawn Food Center, Inc. by Krause and Tiger, the bankrupt, with Krause furnishing the bulk of the funds, and Tiger the bulk of the management. Then, on July 21, 1948, when Krause and Tiger decided that Krause should pull out of the business and Tiger should purchase it from him, the parties went to Heyman Zimel and Harry Goldstein, Zimel being a lawyer, both to get the necessary money and the necessary legal advice to consummate the transaction. The transaction was arranged by taking the following steps simultaneously:

(1) Krause transferred his stock in the corporation to Tiger (the present bankrupt).

(2) The corporation gave a bill of sale to Tiger for all the corporate assets.

(3) Tiger borrowed $8100 from Zimel and Goldstein, secured by a chattel mortgage in the sum of $9,000, on such assets.

(4) Tiger paid $3,000 of this loan to Krause. This was on Krause's claim of Tiger's indebtedness to him for $15,500 based on (a) the original purchase of stock by Krause in the above corporation, (b) moneys advanced to Tiger, to help Tiger originally purchase some of such stock for himself, (c) an advance by Krause's brother-in-law to the corporation, and (d) certain advances from Krause, himself, to the corporation.

(5) Tiger gave a chattel mortgage to Krause for $12,500 on the same assets, this amount being the balance claimed by Krause from Tiger, after the crediting of the above $3,000 payment on Krause's $15,500 claim. During the bankruptcy hearing, Krause admitted his understanding that his mortgage was subordinate to the Zimel-Goldstein mortgage above, though the mortgage itself does not so state.

It is quite clear that Krause and Tiger proceeded to dispose of the assets of this corporation in complete disregard of the corporate entity, and of its creditors, and treated such assets as their own personal property. It is equally clear that Zimel and Goldstein were party to this transaction, if, indeed, they did not concoct its detail.

November 15, 1948, within four months of such transaction, Tiger was adjudicated a bankrupt.

Prior thereto, the Zimel-Goldstein mortgage was foreclosed, the assets it covered being bought in by them on the sale for a small amount. After the bankruptcy, the Trustee attacked the validity of such mortgage; and it was set aside in the State courts as invalid, Sickinger v. Zimel, 1950, 6 N.J. 149, 77 A.2d 905, because of its faulty affidavit of consideration. These assets were recovered, and now constitute substantially the assets of the bankrupt's estate.

With these facts in mind, we approach the question as to the propriety of the order of the Referee subordinating the claim of Krause to those of the other creditors, consisting of (1) the general creditors of Tiger, (2) Zimel and Goldstein.

■ It is understood that solely creditors of Tiger, individually, are involved. Thus, while Krause, in disregarding the corporate entity in the above transaction with Tiger, did not do right as to corporate creditors, in transferring the corporate assets substantially without consideration to Tiger, individually, Pepper v. Litton, 1939, 308

U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281, this does not apply to the general creditors of the present bankrupt. For, before they became creditors, the bankrupt held these assets, subject to both the Zimel-Goldstein mortgage and the Krause mortgage. Also, Tiger had already paid Krause the above $3,000 on account. Tiger's creditors knew, or could have, and should have, known, all this. There was no fraud by Krause as to them. There is no reason, therefore, why his claim should be subordinated to the general creditors.

■ As to the claim of Zimel and Goldstein, since they participated in the transaction upon which Krause's claim is now based, even if they did not concoct it, they can claim no general equities against Krause under Pepper v. Litton, supra. Nor does Krause's mortgage itself disclose any agreement that his claim should be subordinate to the other claim or mortgage. In the absence of proof of the latter mortgage, it is assumed, from counsel's argument, that the Krause mortgage calls for payments of the loan at dates later than does the Zimel and Goldstein mortgage.

■ But this does not suffice to subordinate the one claim to the other. In Re Geddes, D.C.M.D.Pa.1922, 296 F. 240. Indeed, both mortgages are now non-existent so far as these bankruptcy proceedings are concerned. As to the Zimel and Goldstein mortgage, see Moore v. Bay, 1931, 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133. As to the Krause mortgage, Krause has voluntarily waived same and is now a general creditor. So Krause's statements, insofar as they refer to the status of the mortgages, are immaterial. In their present claims, Krause, Zimel and Goldstein, and the other general creditors, are on a parity.

■ We turn to the request of the Trustee for review of the Referee's disallowance of the Trustee's claim to the $3,000 payment to Krause, as an alleged preference. Disregarding the question of the right of the Trustee to press such claim, in the absence of timely formal application therefor, we turn to the merits. It would seem quite clear that when Krause took up with Zimel and Goldstein the matter of their advancing substantial funds to the corporation, to enable Krause to get out of the business, and Tiger to take it over, that Krause must have made full disclosure of the situation, before he could induce them to make the substantial advances they did, and before they could work out the intricate legal steps above set forth. Obviously, Zimel and Goldstein would never have advanced these sums had they thought the business to be then insolvent. Nor is there a shred of evidence, as the Referee has already found, that Krause, himself, then considered the corporation insolvent, when he made such full disclosure to Zimel and Goldstein. Hence, it would not appear that "at the time when the transfer is (was) made" Krause had "reasonable cause to believe that the debtor is (was) insolvent", 11 U.S.C.A. § 96, sub. b. Under such circumstances, the Trustee cannot recover such payment.

An order may be entered accordingly.