MOORE, TRUSTEE IN BANKRUPTCY FOR THE
ESTATE OF SASSARD & KIMBALL, INC., BANK-
RUPT, *v.* BAY.

No. 27. Argued October 22, 1931. Decided November 2, 1931.

*Mr. Thomas S. Tobin,* with whom *Messrs. Charles F.
Hutchins, Frank C. Weller,* and *James P. Keleher* were
on the brief, for petitioner. *Mr. Max Isaac* also appeared
for petitioner.

No appearance for respondent.

MR. JUSTICE HOLMES delivered the opinion of the
Court.

The bankrupt executed a mortgage of automobiles, fur-
niture, show room and shop equipment that is admitted
to be bad as against creditors who were such at the date

of the mortgage and those who became such between the date of the mortgage and that on which it was recorded, there having been a failure to observe the requirements of the Civil Code of California, § 3440. The question raised is whether the mortgage is void also as against those who gave the bankrupt credit at a later date, after the mortgage was on record. The Circuit Court of Appeals affirmed an order of the District Judge giving the mortgage priority over the last creditors. Whether the Court was right must be decided by the Bankruptcy Act since it is superior to all state laws upon the subject. *Globe Bank* v. *Martin,* 236 U. S. 288, 298.

The trustee in bankruptcy gets the title to all property which has been transferred by the bankrupt in fraud of creditors, or which prior to the petition.he could by any means have transferred, or which might have been levied upon and sold under judicial process against him. Act of July 1, 1898, c. 541, § 70; U. S. Code, Title 11, § 110. By § 67, Code, Title 11, § 107 (a), claims which for want of record or for other reasons would not have been valid liens as against the claims of the creditors of the bankrupt shall not be liens against his estate. The rights of the trustee by subrogation are to be enforced for the benefit of the estate. The Circuit Courts of Appeals seem generally to agree, as the language of the Bankruptcy Act appears to us to imply very plainly, that what thus is recovered for the benefit of the estate is to be distributed in " dividends of an equal percentum on all allowed claims, except such as have priority or are secured." Bankruptcy Act, § 65, Code, Title 11, § 105. *In re Kohler,* 159 Fed. 871. *Mullen* v. *Warner,* 11 F. (2d) 62. *Campbell* v. *Dalbey,* 23 F. (2d) 229. *Cohen* v. *Schultz,* 43 F. (2d) 340. *Globe Bank* v. *Martin,* 236 U. S. 288, 305.

*Decree reversed.*