## Rudy, Trustee, et al. v. Gouse et ux.

*Fred J. Templeton* and *Hyman Goldstein*, for plaintiff.

*Walter G. Groome*, for defendants.

REESE, P. J., September 8, 1932.—This case comes before the court on motion for judgment on the pleadings. From the bill and answer the following pertinent facts appear:

On April 25, 1918, Minnie C. French and C. Bertram French conveyed the property in question to John A. Gouse, Sr., one of the defendants herein. The purchase price was $4,000, of which sum $2,200 was contributed by Anna Mary Gouse, his wife, the other defendant. It was intended by the defendants that the title should be taken in both names, creating an estate by the entireties; but due to an error the title was taken in the name of John A. Gouse, Sr. The defendants contend that thereupon a resulting trust arose in which the holder of the legal title, John A. Gouse, Sr., was trustee for the tenants by the entireties.

On August 1, 1931, John A. Gouse, Sr., through Robert R. Mumma acting as intermediary, created an estate by the entireties for himself and wife, but the deeds were not then placed of record. On January 20, 1932, John M. Rudy, individually, entered a judgment of $2,850 in the Court of Common Pleas of Cumberland County against John A. Gouse, Sr., et al.; and on February 16, 1932, the Carlisle Deposit Bank and Trust Company entered a similar judgment of $2,900 against the same defendant. On March 22, 1932, John A. Gouse, Sr., was adjudicated a bankrupt; and on April 7, 1932, the plaintiff was appointed trustee, and thereafter duly qualified. On March 21, 1932, the day before the adjudication in bankruptcy, the deeds creating an estate by the entireties in the defendants were placed of record.

These facts present this question: Are the resulting trust and the conveyance of August 1, 1931, void as to the trustee in bankruptcy?

The Act of June 4, 1901, P. L. 425, provides as follows:

"Whenever hereafter a resulting trust shall arise with respect to real property, by reason of the payment of the purchase money by one person, and the taking or making of the legal title in the name of another, if the person advancing the purchase money has capacity to contract, such resulting trusts shall be void and of none effect as to bona fide judgment or other creditors; . . . unless either (1) a declaration of trust in writing has been executed and acknowledged by the holder of the legal title, and recorded in the recorder's office of the county where the land is situated, or (2) unless an action of ejectment has been begun, in the proper county, by the person advancing the money, against the holder of the legal title."

This act of course does not define the rights of a trustee in bankruptcy. However, the Federal Bankruptcy Act, section 47(a), provides that trustees, "as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied".

It is, therefore, clear that the trustee in bankruptcy comes within the scope of the Act of 1901: Levy v. Hershberger, 249 Pa. 504. It is to be noted that the two judgments were entered against John A. Gouse, Sr., after he created the tenancy by the entireties on August 1, 1931, but before the recording of the deeds. The defendants contend that after August 1, 1931, the resulting trust ceased to exist, and that the deeds creating the tenancy by the entireties, although unrecorded, were valid against the judgments subsequently entered against the husband alone. This argument cannot prevail in view of the provisions of the Act of June 12, 1931, P. L. 558, which makes unrecorded deeds void as to subsequent judgment creditors as well as to subsequent purchasers or mortgagees. The pertinent provisions of this act are as follows:

742

"All deeds, . . . upon being acknowledged by the parties executing the same . . . shall be recorded in the office for the recording of deeds in the county where such lands, tenements, and hereditaments are situate. Every such deed . . . which shall not be acknowledged or proved and recorded, as aforesaid, shall be adjudged fraudulent and void as to any . . . holder of any judgment, duly entered in the prothonotary's office of the county in which the lands, tenements, or hereditaments are situate, without actual or constructive notice unless such deed . . . shall be recorded, as aforesaid, before the . . . entry of the judgment under which such . . . judgment creditor shall claim."

This act was approved and became effective before August 1, 1931, the date of the deeds in question.

It is therefore clear that under the Act of 1931, supra, the conveyances creating the tenancy by the entireties are void as to the judgment creditors of John A. Gouse, Sr., because they were unrecorded until after the entry of the judgments.

The only remaining question is as to the legal position of the trustee in bankruptcy, the plaintiff herein. As hereinabove stated, under section 47 (a) of the Bankruptcy Act, he is in the position of a lienholder. But he is a lienholder as of what date? Is he to be regarded, as contended by the defendants, in the position of one who obtained a lien on the date of the adjudication in bankruptcy, or does he succeed to the position of those creditors who may have entered judgment before the adjudication? This question has recently been solved by the Federal courts. In the case of In re Baumgartner, 55 F. (2d) 1041, 1046, the Circuit Court of Appeals for the Seventh Circuit held that the trustee in bankruptcy is subrogated to the rights of a creditor having a lien antedating the adjudication. The court said:

"The trustee in bankruptcy succeeds to the rights of all or any creditors. . . . He may, in his own name and for the benefit of the estate, prosecute the remedy of any one creditor who may be prevented by the bankruptcy proceedings from commencing or continuing his action. . . . he may file a bill to avoid any transfer by the bankrupt of his property, which any creditor might have avoided had bankruptcy not intervened. . . . If a creditor . . . has secured a . . . lien . . . his rights will or will not inure to the benefit of the estate, depending upon the time when the lien was acquired. If acquired more than four months before the commencement of the bankruptcy proceeding, his lien would inure to his own exclusive benefit; but, if acquired at any time within the four months, it would be null and void, under subdivision 'f' of the section, except as preserved for the benefit of the estate as provided in that subdivision and in subdivision 'b.'" To the same effect are the decisions in Cohen v. Hodes, et al., 54 F. (2d) 680, John Hetherington & Sons, Ltd., v. Rudisill, 28 F. (2d) 713, and Moore, Trustee, v. Bay, 284 U. S. 4.

In the present case two creditors secured judgments against the bankrupt within 4 months of the adjudication in bankruptcy, and the trustee is therefore subrogated to their position. Inasmuch as the resulting trust and the unrecorded deeds are void as to these judgment creditors by reason of the Acts of 1901 and 1931, they are likewise void as to the trustee in bankruptcy.

And now, September 8, 1932, the rule for judgment for want of a sufficient answer is made absolute, and the conveyances of the real estate described in the bill by John A. Gouse, Sr., and Anna Mary Gouse, his wife, to Robert R. Mumma, and by the said Robert R. Mumma and Elva Q. Mumma, his wife, to John A. Gouse, Sr., and Anna Mary Gouse, his wife, by deeds dated August 1, 1931, and recorded in the office of the Recorder of Deeds in and for Cumberland County, Pa., in deed book F, vol. 11, pages 473 and 474, are decreed to

be fraudulent and void; the said defendants, John A. Gouse, Sr., and Anna Mary Gouse, his wife, are ordered and directed forthwith to convey to John M. Rudy, trustee in bankruptcy of John A. Gouse, Sr., and John A. Gouse, Jr., individually and trading as Pennsylvania Garage, plaintiff, all their right, title and interest in the said premises.

From Francis B. Sellers, Carlisle, Pa.