### In re SUFFOLK AIRWAYS, Inc.
### No. 24558.

District Court, E. D. New York.
June 15, 1933.

816

John R. Vunk, of Patchogue, L. I. N. Y., for creditor Walter Marrin.

Lord, Day & Lord, of New York City (George deForest Lord and Charles W. Merritt, both of New York City, of counsel), for bankrupt.

GALSTON, District Judge.

This is a motion made by a judgment creditor of the bankrupt to vacate an order staying proceedings in an action brought in the Supreme Court, Suffolk county, entitled Walter Marrin, plaintiff, against Suffolk Airways, Inc., et al., defendants.

Three grounds are alleged: First, that the Supreme Court of the state of New York, having obtained jurisdiction over the assets of the bankrupt by reason of an action and proceedings commenced prior to the filing of the petition in bankruptcy, should continue to retain jurisdiction over the entire matter; secondly, that this court should not exercise its discretionary power to restrain the action, for the reason that grave injustice to the judgment creditor would result if the stay were continued; and, thirdly, that the activities of the bankrupt corporation, its officers and board of directors, have been such as to bar a discharge.

■ The first ground is without force, for, if it were accepted as a general proposition, then there never would be a stay of any action which was instituted prior to the filing of the bankruptcy petition. Orderly procedure makes necessary the stay of such actions except in exceptional circumstances.

■ Nor is it seen how injustice to the judgment creditor will result if the stay is continued. The judgment creditor is concerned about setting aside an alleged fraudulent transfer of assets by the bankrupt, made for the purpose of defeating the creditor's right of levy. But sections 70 and 73 of the General Corporation Law of the state of New York (Consol. Laws, c. 23) confer no greater rights upon the judgment creditor than may be exercised on behalf of such creditor by a trustee in bankruptcy. See section 67b of the Bankruptcy Act, 11 U. S. C. § 107, subd. (b), 11 USCA § 107 (b), which provides: "Whenever a creditor is prevented from enforcing his rights as against a lien created, or attempted to be created, by his debtor, who afterwards becomes a bankrupt, the trustee of the estate of such bankrupt shall be subrogated to and may enforce such rights of such creditor for the benefit of the estate."

See, also, section 70e of the Bankruptcy Act, 11 U. S. C. § 110, subd. (e), 11 USCA § 110 (e), and Moore v. Bay, 284 U. S. 4, 52 S. Ct. 3, 76 L. Ed. 133. Indeed, section 61 of the General Corporation Law of the state of New York also makes possible such action by a receiver or trustee in bankruptcy.

■ As to the third ground, it is certainly untimely, on the showing made in the papers, to conclude that the judgment is not dischargeable in bankruptcy. See In re Bernard (C. C. A.) 280 F. 715, 717, where it is said: "Proceedings on a plainly nondischargeable debt cannot be stayed; yet, where the question is debatable, a stay may be granted until the bankrupt shall have had a reasonable time within which to procure that discharge, which he must have in order to present to the proper tribunal the status of the debt in suit."

The motion is denied.