### In re NEUMAIER.

District Court, S. D. New York.

March 19, 1935.

David M. Schwartz, of New York City (Samuel Newfield, of New York City, of counsel), for trustee.

Albert E. Kane, of New York City, for creditors.

PATTERSON, District Judge.

The bankrupt had taken out insurance policies on his life payable to his wife, with reserved power to change the beneficiary. The policies had a cash surrender value of $1,500. New York has a statute, effective March 31, 1927, to the effect that such policies are exempt from claims of the insured's creditors. Insurance Law (Consol. Laws, c. 28) § 55-a. The bankrupt had a number of creditors whose claims antedated March 31, 1927. These claims totaled more than $1,500. Because of the existence of such claims, the trustee in bankruptcy brought a proceeding to obtain the cash surrender value of the policies, and succeeded some time ago in obtaining the sum of $1,500 as the cash surrender value of the policies. The point now raised is whether this sum should be distributed as a dividend among the creditors with claims in existence on March 31, 1927, or among all creditors of the bankrupt pro rata. The referee held that the former class was entitled to the entire fund, less administrative charges. In my opinion the referee's ruling was right.

1. By the decision in Re Messinger (C. C. A. 2) 29 F.(2d) 158, 159, 68 A. L. R. 1205, certiorari denied Reilly v. Messinger, 279 U. S. 855, 49 S. Ct. 351, 73 L. Ed. 996, it is settled law that these policies, and their cash surrender value as well, are exempt from claims of the bankrupt's creditors, with this qualification, that there is no exemption against creditors whose claims antedate March 31, 1927. The New York courts have given the statute the same construction. Addiss v. Selig, 264 N. Y. 274, 190 N. E. 490, 92 A. L. R. 1384. We have then an asset of the bankrupt generally exempt, but nonexempt as to a limited class of creditors.

2. Despite what was said in Lockwood v. Exchange Bank of Ft. Valley, 190 U. S. 294, 23 S. Ct. 751, 47 L. Ed. 1061, relative to title in property generally exempt under state laws remaining in the bankrupt, even where there are creditors against whom there is no exemption, it is common practice in this district for the trustee to collect and hold the cash surrender value of policies of the sort involved here, to the extent that there are creditors as to whom such property is not exempt. The reason is that in the Messinger Case, supra, the Circuit Court of Appeals held that "the trustee" was entitled, as against the bankrupt, to the cash surrender value up to the amount of claims existing on March 31, 1927. See In re Firestone, 2 F. Supp. 96 (D. C. N. Y.); In re Weisman, 10 F. Supp. 312, 26 A. B. R. (N. S.) 729 (D. C. N. Y.). But it has never been held or even implied, so far as I am aware, that the trustee's collection or possession is for the benefit of all the creditors. The proper distribution of the fund was not considered in the Messinger Case.

On principle it cannot be doubted that the fund should go to the creditors whose claims are superior to the exemption, to the exclusion of creditors generally. Whether or not it is jurisdictionally proper, in view of the Lockwood Case, for the court to concern itself about the property, it is certain that assumption of jurisdiction does not disturb the substantive rights of the creditors inter se. And as matter of substantive law the general body of creditors has no interest in the property. This is the plain implication from Lockwood v. Exchange Bank, supra, and was expressly stated in Re Nye, 133 F. 33, 36 (C. C. A. 8). The fund is here for distribution, and should be distributed to those ultimately entitled.

3. It is true that, where a transfer of property by the bankrupt is void only as to certain creditors, a recovery by the trustee is for the benefit of the estate generally and is distributed in dividends to all creditors. Globe Bank & Trust Co. v. Martin, 236 U. S. 288, 35 S. Ct. 377, 59 L. Ed. 583; Moore v. Bay, 284 U. S. 4, 52 S. Ct. 3, 76 L. Ed. 133, 76 A. L. R. 1198. But the analogy of those cases to the present situation is only a superficial one. As there pointed out, the Bankruptcy Act itself, in sections 67 and 70 (11 USCA §§ 107, 110), plainly implies that transfers in fraud of any creditor, when avoided by the trustee, are avoided for the benefit of creditors generally. The treatment of property rendered exempt by state laws is quite different. The act does not provide that property nonexempt as to certain creditors shall pass to the trustee for the benefit of the whole estate.

The cash proceeds of the policies are divisible among the creditors whose claims were in existence prior to March 31, 1927. The referee's recommendation to that effect, as well as his recommendations on allowances, will be confirmed.