**BUFFUM v. MARYLAND CASUALTY CO.*
No. 8326.**

Circuit Court of Appeals, Ninth Circuit.

Feb. 25, 1937.

Rehearing Denied April 5, 1937.

*Writ of certiorari denied 57 S.Ct. 931, 81 L.Ed. ——.

Devlin & Devlin and Horace B. Wulff, all of Sacramento, Cal., for appellant.

John Ralph Wilson and Milton Newmark, both of San Francisco, Cal., for appellee.

Before WILBUR and GARRECHT, Circuit Judges, and NETERER, District Judge.

WILBUR, Circuit Judge.

This is an appeal from an order made in bankruptcy approving the claim of Peter Barceloux Company for the sum of $35,-832.10. This claim has been before this court and considered by us in the case of Peter Barceloux Co. v. Buffum, 61 F.(2d) 145. A short history of that litigation is essential to a consideration of the appeal now before us.

The Peter Barceloux Company, a family corporation, was managed by H. J. Barceloux. In the course of this management H. J. Barceloux became indebted to the Peter Barceloux Company in a large sum—approximately $35,000. Some of this indebtedness was evidenced by promissory notes, and part by book account. To secure these obligations H. J. Barceloux gave a written pledge of his stock in the Peter Barceloux Company with some other corporate stock. That company subsequently sold the stock at a pledgee's sale. More than four months thereafter Henry J. Barceloux filed a voluntary bankruptcy proceeding. The trustee in bankruptcy brought a plenary suit in equity in the bankruptcy court to recover the value of the stock which had been hypothecated by H. J. Barceloux, alleging that the pledge and the sale thereunder were both parts of a scheme to defraud the bankrupt's creditors. In that action it was alleged that the pledge agreement which was attacked as fraudulent was made to secure a promissory note dated June 17, 1925, for $24,064.-48, a promissory note of February 6, 1923, for $3,500, and a promissory note dated April 27, 1926, for $2,000. It was further alleged that the sale of the securities under the pledge agreement (held August 16, 1926) was for the satisfaction of the

above-mentioned obligations set forth in the pledge agreement and in addition for the satisfaction of the following claimed indebtedness: $1,000, with interest, due the Peter Barceloux Company "within two (2) years prior to August 4th, 1926, with interest"; $1,800, with interest, due Peter Barceloux Company "within two (2) years prior to the 4th day of August, 1926." In the answer of the Peter Barceloux Company it was alleged that the sale of the pledged securities was for the satisfaction of all the obligations held by the Peter Barceloux Company against H. J. Barceloux, amounting to $36,314.41. The pledge agreement provided for application of any surplus arising from the pledge sale to any indebtedness then owing from the bankrupt to the Peter Barceloux Company not specifically mentioned in the pledge agreement. The trial court declared the entire transaction fraudulent and gave judgment for the value of the pledged stock fixed at $106,409.44, and decreed that the Peter Barceloux claim against the company should be deferred to that of all other general creditors. On appeal to this court we held the pledgee's sale void but held that the pledge was a valid preference. In this state of the case it became necessary to determine the disposition to be made of the pledged property. We directed that the property be sold in satisfaction of the pledge and the application of the proceeds of the sale to the claims of the Barceloux Company aggregating $33,184.-41, which was $2,630 less than the amount claimed. The item of $2,630 ($1,800 plus $830 · interest) was the only item of indebtedness seriously disputed. Upon petition to the Supreme Court by the trustee a writ of certiorari was granted and the record transferred to that court. 288 U.S. 595, 53 S.Ct. 319, 77 L.Ed. 972.

The Supreme Court held that the pledge of the property of the bankrupt by him to the Peter Barceloux Company was invalid as to creditors under section 3439 of the California Civil Code because of the fact that the pledge was made by the bankrupt and the sale by the pledgee thereunder was had for the purpose of defrauding creditors. Buffum, Trustee, v. Barceloux Co., 289 U.S. 227, 53 S.Ct. 539, 542, 77 L.Ed. 1140. The Supreme Court held that as both the parties and the court had treated the action as one in equity wherein the fraudulent grantee was required "to account as a trustee ex malificio for the value of the shares [pledged] which it had

fraudulently acquired and then conveyed to some one else," the decree for its value should be sustained. With reference to the right of the Peter Barceloux Company to recover the indebtedness due it · for which the pledge had been made, the Supreme Court said: "The defendant [Peter Barceloux Company] may participate on the same basis with other creditors [of the bankrupt] in the distribution of the assets. The decree of the District Court [51 F.(2d) 80] is erroneous in so far as the claim of the defendant is postponed to those of others. Moore v. Bay [284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133, 76 A.L.R. 1198], supra."

The mandate of the Supreme Court contained the following:

"It is ordered, adjudged, and decreed by this court that the decree of the said United States Circuit Court of Appeals, in this. cause, be, and the same is hereby reversed with costs; and that the decree of the District Court in this cause be, and the same is hereby, modified, as indicated in the opinion of this Court, and as modified, affirmed.

"And it is further ordered that this cause be, and the same is hereby, remanded to the District Court of the United States for the Northern District of California for further proceedings in conformity with the opinion of this Court."

The principal question here involved is as to the effect of the portion of the judgment of the Supreme Court relating to the claim of the Peter Barceloux Company against the bankrupt. The appellee, acting as it believed in accordance with this decision, filed its claim for the above indebtedness of $36,414.64 with interest. This. claim was at first disallowed by the referee in bankruptcy on October 7, 1933, upon the ground that the claim had been filed more than six months after the bankruptcy proceedings were initiated. Bankr. Act § 57n, as amended, 11 U.S.C.A. § 93(n). The District Court, on exceptions taken by the appellee, reversed the action of the referee and ordered an accounting to ascertain the amount due upon the claim. From this order an appeal was taken by the trustee but dismissed by this court as premature. Buffum v. Maryland Casualty Co., 77 F.(2d) 761.

The referee held on the second hearing that the claim in its entirety had been paid by the sale of the pledged stock, as aforesaid, and also that three of the items (promissory note dated January 3,

1923, for $2,000; promissory note dated February 6, 1923, for $3,500; open book account for $1,800) were barred by the statute of limitations. The referee further held that the above item for the book account ($1,800) should be rejected on the additional ground that Peter Barceloux had never assigned to the Peter Barceloux Company any interest in land held in trust by the bankrupt for Peter Barceloux from which this obligation arose; that an item of $500 attorneys' fees should be rejected because waived; and that an item for $3,000 paid on stock assessment on 75 shares of Pacific National Fire Insurance Company stock should be rejected.

It was the view of the referee that the sale of the pledged stock which was held by the Supreme Court to be fraudulent because of the intent to defraud creditors was void only as to the creditors of the bankrupt, but that it was valid as between the parties, and, hence, that the sale of the pledged property and the application of the proceeds of the sale to the indebtedness extinguished the same. Thereafter, on exceptions taken, the order of the referee was reversed by the District Court and the claim allowed for $35,832.10. This appeal of the trustee is from that order.

The appellant again presses the view, which had been accepted by the referee in the first instance, that the entire indebtedness was extinguished by the sale of the pledged property and the application of the proceeds to the indebtedness. He further contends that if the claim was not thus extinguished the claim should be disallowed because it was filed too late. He contends that the claim does not come within the provisions of the Bankruptcy Act which authorizes the filing of unliquidated claims after the expiration of six months (section 57n of the Bankruptcy Act, supra).

In answer to the appellee's contention that the Supreme Court has fixed the right of the parties by the decree in Buffum v. Barceloux Co., 289 U.S. 227, 53 S. Ct. 539, 77 L.Ed. 1140, supra, appellant contends that the court was without jurisdiction in the equity case to decide the rights of parties with reference to a claim provable in the bankruptcy proceedings.

We think that the appellant takes too narrow a view of the power of the Supreme Court and of its decree in the plenary suit of Buffum v. Barceloux Co., 289 U.S. 227, 53 S.Ct. 539, 77 L.Ed. 1140, supra. It is both too late and entirely unnecessary to consider anew the questions involved in that litigation. The defendant therein, the Peter Barceloux Company, claimed that Henry Barceloux owed it $35,-832.10 plus interest for which it claimed the stock had been pledged and sold. It claimed that the pledged property had been sold and that the title had passed to it by reason of that sale. It claimed that it had, subsequent to the foreclosure sale, repurchased the pledged stock in the Peter Barceloux Company. That it had such a claim against the bankrupt was not disputed. The Supreme Court affirmed the judgment of the District Court for the value of the pledged stock, $106,409.44, in favor of the trustee in bankruptcy; that recovery, however, was not unconditional. The decree also fixed the right of the Peter Barceloux Company to its "claim." The only claim of the Peter Barceloux Company under consideration was the indebtedness above mentioned. The trustee in bankruptcy representing the bankrupt estate was before the court seeking to recover property for the estate and the court in determining his right clearly had jurisdiction to make recovery conditional upon the allowance in bankruptcy of the claim of the Peter Barceloux Company. It could have deducted from the value of the property $106,409.44, the amount which would be later returned by the bankruptcy court by way of dividends upon the claim of Peter Barceloux if the amount of such dividends had been known at the time of the order.

The Supreme Court directed this to be done in an action brought to recover a preference (Page v. Rogers, 211 U.S. 575, 29 S.Ct. 159, 53 L.Ed. 332), and we see no reason why the same jurisdiction could not be exercised in this action to recover property which had been hypothecated by a pledge which was void as to the creditors but valid as to the parties. It was proper that the rights of the pledge holder as against other creditors should be determined, particularly where the trustee sought and recovered the value of the pledged property rather than the property itself. The fact that the court left the exact amount of the claim and the time of its payment to the determination of the bankruptcy court does not make less effective that portion of the decree which established the right of the creditor to participate in the funds of the bankrupt estate

for the amount of his claim. It is too late now to say the court in rendering judgment in favor of the trustee should have made no decision in regard to the right of the other parties to the litigation as against the trustee. The estate of the bankrupt was benefited by the decree and this benefit must be subject to the corresponding burden fixed in the decree.

While the Supreme Court expressly reversed the decision of this court in which, for the purpose of resale, we had fixed the amount of the indebtedness due from the bankrupt to Peter Barceloux Company to be $33,184.41, and thus set the exact amount of the claim at large, it is clear from its opinion that the claim of the Peter Barceloux Company referred to was the claim for which the pledged stock had been sold to satisfy.

■ Assuming that the effect of the reversal of the decision of this court, wherein the amount of the appellee's claim was definitely fixed, left open for determination the amount of the claim so secured, all questions as to the statute of limitations and as to the effect of the provisions of the Bankruptcy Act fixing the time for filing the claims were foreclosed by the decree that the claim be allowed.

As to the amount of the claim the appellant objects to three items allowed by the trial court which were disallowed by the referee. The first item is for the amount due upon the promissory note of January 3, 1923, for $2,000, and the second is for the amount of $1,750 due upon the promissory note for $3,500. The third item is for the same $1,800 book account which we disallowed in our opinion and decree, 61 F.(2d) 145, because the record then before us showed that this amount was due to Peter Barceloux and not to the Peter Barceloux Company. As our decision was reversed it is not decisive on this claim.

The appellant's assignment of errors is that these items were barred by the statute of limitations at the time of the adjudication of bankruptcy. What we have already said disposes of this proposition as these items were included in the indebtedness claimed to be satisfied by the pledge sale.

■ Another objection of the appellant is to a portion of the claim allowed by the District Court for the sum of $3,000 paid by the Peter Barceloux Company as a stock assessment upon 75 shares of the Pacific National Fire Insurance Company stock which has been purchased by it at the invalid pledge sale of August 16, 1926. This payment was made on June 2, 1928, after the bankruptcy proceeding had been instituted. This stock belonged to the Peter Barceloux Company at the time it paid the assessment. It is not an obligation of the bankrupt in any sense of the term. The appellee contends that inasmuch as it was compelled by the decree in Peter Barceloux Company v. Buffum to pay the entire value of this stock to the trustees, it was equitably entitled to be reimbursed for the assessment paid upon the stock which it retained by reason of the election of the trustee in bankruptcy to sue for the value of the property rather than for the property itself. We find no merit in this claim. Certainly it was not a part of the claim which the Supreme Court referred to in its decision.

It is conceded on this appeal that the sum of $500 attorneys' fees included in the amount allowed by the trial court should be disallowed and in pursuance of that concession the order must be modified to that extent. The decision of the District Court allowing the claim in controversy should be reduced by these two items, one for attorneys' fees of $500, and one for the claim of $3,000, aggregating $3,500.

The order is modified by fixing the amount of appellee's claim at $32,332.10 to be paid on a parity with other general creditors.

Order affirmed as modified.