**In the Matter of DELCON CORPORA-TION, a Nevada corporation, dba Miller Engineering Co., Bankrupt.**

No. 65134.

United States District Court
S. D. California,
Central Division.

April 26, 1961.

Sylvan Y. Allen, Max Mayer, Willis & MacCracken, and Utley & Houck, Los Angeles, Cal., for petitioners on review.

Quittner, Stutman & Treister, Los Angeles, Cal., for respondent-trustee.

Ronald Walker, referee in bankruptcy.

THURMOND CLARKE, District Judge.

This matter came before the court for hearing on a petition, filed by certain creditors, for review of an order of the Referee refusing to subordinate to petitioners' claim the bulk of claims of other creditors in the bankruptcy proceeding.

The facts surrounding this litigation are set forth in the opinion of the Court of Appeals for the Ninth Circuit in Miller v. Sulmeyer, 263 F.2d 513, and need not be detailed here. For the purposes of this review, the material facts are as follows: The Millers, petitioning creditors herein, sold certain personal property to the now bankrupt corporation on a loan secured by a chattel mortgage. Because of an unreasonable delay in recording this mortgage, it was voidable under California law by actual intervening creditors. Hence, the Court of Appeals held the mortgage void in its entirety as against the trustee, under the

doctrine of Moore v. Bay, 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133, which so construed Section 70, sub. e of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. e (263 F.2d 513, 515, certiorari denied 361 U.S. 838, 80 S.Ct. 55, 4 L.Ed.2d 78).

Subsequently, the Millers, totally deprived of their "preferred position" as secured creditors, petitioned the Referee to *subordinate* the claims of those unsecured creditors who extended credit after the date on which the Millers' chattel mortgage was belatedly recorded, on the theory of equitable subordination enunciated in Pepper v. Litton, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281. The Referee refused to take this action and this petition for review followed, raising the question as to whether, in a situation where a creditor "loses" his security under § 70, sub. e(1) and Moore v. Bay, a bankruptcy court may exercise its general equity powers to subordinate the claims of those creditors whose claims arose after recordation of a chattel mortgage voidable as to certain other creditors.

A review of the record reveals that the same contention which is now urged by petitioners was raised before the Ninth Circuit in Miller v. Sulmeyer, both on oral argument and on petition for rehearing. On neither occasion did this argument impress the Court of Appeals. Further, petitioners raised this issue on a petition for certiorari which was denied by the Supreme Court (361 U.S. 838, 80 S.Ct. 55). It appears to this court that even if these prior presentations and tacit rejections by higher courts are not binding herein, they are at the very least strong indications of the view which these courts take on the issue.

Further, even if petitioners' contention were first raised at this point, it is apparent that they are attempting to do by indirection what Moore v. Bay in general and Miller v. Sulmeyer in particular have precluded them from doing directly, i. e., establishing a situation whereby the claim of the Millers will be considered before the claims of certain unsecured creditors. These unsecured creditors do not appear to have been wrongdoers, as in Pepper v. Litton, and the only conceivable inequity which may be gleaned from the record is that inherent in the doctrine of Moore v. Bay. Obviously, this court is in no position, directly or indirectly, to overrule a principle enunciated and reaffirmed by the Supreme Court and followed, however reluctantly, by the Court of Appeals of this Circuit in this very litigation, regardless of how inequitable or galling that principle may appear.

It is now therefore ordered that the Referee's order of January 17, 1961, is hereby confirmed.

It is further ordered that the Clerk shall this day serve copies of this opinion and order by United States mail upon the Referee and the attorneys for the parties appearing in this cause.