In the Matter of SUPERMERCADOS
SAN JUAN, INC., Bankrupt.

Antonio M. RODRIGUEZ, as Trustee in
Bankruptcy for Bankrupt, Plaintiff,

v.

PUEBLO WHOLESALE CO.,
INC., Defendant.

No. B–28–71.

United States District Court,
D. Puerto Rico.

April 18, 1977.

Ismael H. Herrero, Jr., San Juan, P.R., for plaintiff.

Eduardo Morales Coll, Santurce, P.R., for defendant.

## OPINION AND ORDER

PESQUERA, District Judge.

The trustee in bankruptcy of Supermercados San Juan, Inc. filed a complaint

against Pueblo Wholesale, Inc. to set aside as voidable preferences the endorsement by bankrupt of certain notes in favor of defendant. After extensive memoranda and after a hearing, the Bankruptcy Judge denied defendant's motion to dismiss and further ordered that judgment be entered for plaintiff. Defendant appealed from said order.

The essential facts of the instant case are not in controversy and can be summarized as follows:

1) On March 17, 1970, Mr. Juan Hernández, as President of Supermercados San Juan, endorsed a note in the sum of $25,000, dated March 5, 1970, payable by Juan Aponte De Jesús to Supermercados San Juan, which note was subscribed under affidavit number 1088 before Notary Public Domingo A. Alvarez.

2) On March 17, 1970, Mr. Juan Hernández, as President of Supermercados San Juan, also endorsed a note in the sum of $25,000, dated March 13, 1970, payable by Julio González Dávila to Supermercados San Juan, which note was subscribed under affidavit number 1095 before Notary Public Domingo A. Alvarez.

3) The consideration of the endorsements to Pueblo Wholesale was as security to the outstanding balance of an antecedent debt in the principal sum of $46,694.61 owed by Supermercados San Juan to Pueblo Wholesale, Inc.

4) On March 29, 1971, Supermercados San Juan, Inc. filed its petition for bankruptcy.

The issue in this case is whether defendant has a valid lien over said notes, superior to the rights of the trustee.

We must first determine if the endorsement of the notes by bankrupt constitutes a preference within the meaning of the Bankruptcy Act. If the challenged transactions meet all the qualifications set out by Section 60 of the Bankruptcy Act, then the same are voidable by the trustee in bankruptcy, and the notes accrue to the benefit of all creditors. *Moore v. Bay,* 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133 (1931).

Section 60(a)(1), 11 U.S.C. 96, states that:

"A *preference* is a transfer, as defined in the Act, of any of the property of a debtor to or for the benefit of a creditor for or on account of an antecedent debt, made or suffered by such debtor while insolvent and *within four months* before the filing by or against him of the petition initiating a proceeding under this Act, the effect of which transfer will be to enable such creditor to obtain a greater percentage of his debt than some other creditor of the same class." (emphasis supplied)

In view of the factual situation of the instant case, whether or not the challenged transactions constituted preferences, depends on whether the same were perfected within the four month requirement. Such four month period is measured by two critical dates, one being the date of filing the petition of bankruptcy, and the other being the date on which the transaction was made.

Section 60(a)(2) of the Bankruptcy Act sets the guidelines to determine when a transfer has been made, to wit:

"For the purposes of subdivision a and b of this section, a transfer of property other than real property shall be deemed to have been made or suffered at the time *when it became so far perfected that no subsequent lien upon such property obtainable by legal or equitable proceedings on a simple contract could become superior to the rights of the transferee.* . . .

If any transfer of real property is not so perfected against a bona fide purchase, or if any transfer of other property is not so perfected against such liens by legal or equitable proceedings prior to the filing of a petition initiating a proceeding under this act, *it shall be deemed to have been made immediately before the filing of the petition.*" (emphasis supplied)

The precise effects of the aforementioned provisions of the Bankruptcy Act are de-

pendent on the state law.[1] The applicable state law is found on 31 LPRA 5001[2] et seq., and 5021 et seq., which govern the contract of pledge. According to section 5021:

"Besides the requisites mentioned in section 5001 of this title, it is necessary, in order to constitute the contract of pledge, *that the pledge should be placed in possession* of the creditor, or of a third person by common consent."

■ Although, as stated by the above quoted section, the pledge is not a contract of formal constitution and is perfected once the creditor is in possession of the property being pledged,[3] nevertheless, "a pledge shall not be effective against a third person, when evidence of its date is not shown by authentic documents.[4] The facts of the case herein reveal that defendant was in possession of the pledged notes, and thus the contract was perfected as between plaintiff and bankrupt, but there was no evidence presented to establish that the pledge was constituted by an authentic document.[5] The consequence of the mentioned provisions of the Puerto Rico Civil Code is that the contract of pledge is absolutely valid between the contracting parties as long as no third persons attaches or in any other way obtains a lien on the thing object of the pledge. *In re Las Colinas, supra.*

■ Since, according to the state law,[6] a superior lien could be obtained by attachment, then the contract of pledge was not perfected, as intended by Section 60(a)(2) of the Bankruptcy Act, and hence, was "deemed to be made before the filing of the petition" and it must be concluded that the endorsement of the notes occurred within the four months immediately prior to bankruptcy and said transactions were therefore preferences.

The provisions of Section 60(a)(6) further substantiate the above conclusion.[7] Defendant had available means of perfecting a legal lien; i. e., a pledge agreement executed before a notary public. Upon failure to do so, the transfer was not duly perfected and the rejection of an equitable lien under Section 60(a)(6) applies. Consequently, the endorsement of the notes is deemed to have been made the day before bankruptcy and within the four months preceding the same.

For the above stated reasons, the appealed order is hereby affirmed.

1. "It is evident that, under § 60a, the determination of when a transfer is perfected depends almost wholly on state law . . . ." (citations omitted), 3 Colliers on Bankruptcy, 60.39(2), page 957.

2. 31 LPRA 5001:
    "The following are essential requisites of the contracts of pledge and mortgage:
    (1) That they be constituted to secure the fulfillment of a principal obligation.
    (2) That the thing pledged or mortgaged is owned by the person who pledges or mortgages it.
    (3) That the persons who constitute the pledge or mortgage have the free disposition of their property, and, should they not have it, that they are legally authorized for the purpose.
    Third persons, strangers to the principal obligation, may secure the latter by pledging or mortgaging their own property."

3. *Ramos Mimoso v. Superior Court,* 93 PRR 538 (1966).

4. 31 LPRA 5023.

5. An authentic document is one that is executed or subscribed before a notary public. *In re Las Colinas, Inc.,* 294 F.Supp. 582 (1968), vacated on other grounds by *In re Las Colinas, Inc.,* 426 F.2d 1005 (1970); and which is valid by itself. *Ramos Mimoso v. Superior Court, supra.*

6. 31 LPRA 5023.

7. Section 60(a)(6):
    "The recognition of equitable liens where available means of perfecting legal liens have not been employed is hereby declared to be contrary to the policy of this section. If a transfer is for security and if (a) applicable law requires a signed and delivered writing, or a delivery of possession or a filing or *recording, or other like overt action as a condition to its full validity against third persons* other than a buyer in the ordinary course of trade claiming through or under the transferor and (b) such overt action has not been taken and (c) such transferor results in the acquisition of only an equitable lien, *then such transfer is not perfected within the meaning of paragraph (2)* . . . .. (emphasis supplied)