STARR, Circuit Judge,
concurring in part and dissenting in part.
While I concur in much of the court’s opinion and the principal part of its judgment, I am unable to agree with respect to its disposition of Hawley’s separate challenge. For the reasons that follow, I would affirm outright the judgment of the District Court.
1
Hawley premises his objections to the Plan on the ground that he is being forced to relinquish a unique and valuable claim against Steag in order to participate fully in the bankruptcy distribution. In Haw-ley’s view, the existence of an alleged guarantee of his claim against Alla Ohio by Steag distinguishes his situation from that of his fellow unsecured creditors. Without passing on the merits of his alleged guarantee, the court holds that “Hawley was being subjected to unequal treatment in violation of 11 U.S.C. 1123(a)(4).” Maj. Op. at 1152.
This seems to me an unwarranted conclusion both factually and legally. As I understand the record, Hawley presented no evidence whatever of the purported guarantee in the bankruptcy proceedings. The court concedes as much. I interpret the District Court to have held that Hawley’s failure of proof constituted a sufficient basis for denying his challenge to the Plan. The majority, however, provides no explanation for reversing that legal conclusion of the District Court. I would affirm on that basis alone.
The District Court also found that Haw-ley was not the only creditor to receive a “guarantee” in the form of a telex and in fact that similar telexes had been sent to a large number of creditors. Without articulating the standard of review that it is applying, the court rejects these conclusions. I would not hold these factual findings to be clearly erroneous. The portions of the record cited by the court clearly support the conclusion that at least two other creditors received such telexes. As to whether a large number of creditors received such telexes, the record is admittedly less clear. To the extent the evidence is scanty on this point, however, I would hold Hawley responsible. The testimony cited by the court shows that Hawley was one of only a few creditors to pursue a legal claim against Steag on the basis of the telex, but it does not fatally undermine the District Court’s finding that the telex was sent to many creditors. It may well be that most creditors receiving the telex simply did not interpret it to be a legally enforceable guarantee and thus did not pursue any such claims. The relative uniqueness of Hawley’s litigiousness, of course, provides no grounds for reversing the District Court’s factual findings, particularly as buttressed by the findings of the federal district court adjudicating Hawley’s action against Steag.
Indeed, Hawley has now run the gauntlet of litigation in the Southern District of New York, and his position has been found wanting. We now have before us a judgment n.o.v. granted in favor of Steag, which, as the court recognizes, strongly suggests that Hawley did not have an enforceable guarantee from Steag. Indeed, Hawley earnestly argued that we should consider the favorable jury verdict, now eviscerated by the j.n.o.v., in determining whether the Plan unfairly discriminates against him. For some pages of his Reply Brief, Hawley pressed us to take notice of that verdict under Federal Rule of Evidence 201. His point has merit; we should take notice of the Southern District’s opinion which could not be clearer in its conclusion that there was no credible documentary evidence of an alleged oral guarantee.
2
Assuming that Hawley met his factual burden of showing that he had a unique, guaranteed claim against Steag, we must consider whether the Plan provided Hawley with the “same treatment” as his fellow unsecured creditors. I would hold that it *1156 has. In my view, the “same treatment” requirement set forth in the Bankruptcy Code is essentially a restatement of the “fundamental and long recognized principle” that members of the same class should receive the same percentage of distribution. 5 Collier on Bankruptcy ¶ 1123.-01[4] n. 10 (L.King ed.1985); see also Sampsell v. Imperial Paper & Color Corp., 313 U.S. 215, 219, 61 S.Ct. 904, 907, 85 L.Ed. 1293 (1941) (“[T]he theme of the Bankruptcy Act is equality of distribution”) (Douglas, J., for a unanimous Court); Moore v. Bay, 284 U.S. 4, 5, 52 S.Ct. 3, 76 L.Ed. 133 (1931) (Holmes, J., for a unanimous Court).
The court, however, misguidedly assumes that the general statutory requirement of equality is also violated whenever “members of a common class are required to tender more valuable consideration ... in exchange for the same percentage of recovery.” Maj.Op. at 1152. The court cites no authorities and offers scarcely any explanation for this novel holding, which may, alas, have unknown and farreaching effects on bankruptcy practice. I for one am loathe to extend the equality principle so as to require the analysis of the specific circumstances of each creditor properly within a single class to determine whether, like privileged characters on Orwellian farms, he is more equal than others in his class.
Such an approach will have at least two unacceptable consequences. First, the complexities and difficulties inherent in such an exercise for an already complex process of bankruptcy adjudication are obvious and regrettable. Although Hawley is the only member of the hundred-fold class of unsecured creditors complaining here, the court’s new rule will perhaps not have such a limited scope in future cases. Second, the increased fairness to be gained from requiring, as the court does today, equality of consideration is likely to be far outweighed by the unfairness resulting from the loss in equality of distribution. For example, unsecured creditors are typically provided the same distribution regardless of whether their claims might be subject to dispute or the debtor has potentially better defenses against some than against others. Under the logic of the broad equality-of-consideration principle enunciated today, such equality of distribution would be prohibited or at least suspect.
As long as an unsecured creditor is properly within a class, as Hawley has rightly been held to be, courts should not create a subclass within a class to benefit an individual class member. While I do not need to embrace an absolute rule that refuses to consider, regardless of the circumstances, the situation of a creditor claiming some unique status vis-a-vis other members of the same class, I would, at the least, place the burden of making that showing squarely on the creditor. And I would look to the sound discretion of the bankruptcy court, as overseen by the District Court, in making these difficult judgments and not lightly overturn an exercise of that discretion. Cf. Barnes v. Whelan, 689 F.2d 193, 202 (D.C.Cir.1982). As the exercise of discretion here seems eminently sensible, I would affirm the trial court’s judgment in its entirety.