In re ST. JOHNSBURY TRUCKING CO., INC., Debtor.

The OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ST. JOHNSBURY TRUCKING COMPANY, INC., and St. Johnsbury Trucking Company, Inc., Plaintiffs,

v.

BANKERS TRUST COMPANY, as agent, Defendant.

BANKERS TRUST COMPANY, as agent, Counterclaimant,

v.

ST. JOHNSBURY TRUCKING COMPANY, INC., and William M. Clifford.

Bankruptcy No. 93–B–43136 (FGC). Adv. No. 93–1073.

United States Bankruptcy Court, D. Vermont.

Nov. 23, 1994.

York City, for St. Johnsbury Trucking Co., Inc. (Debtor).

G.J. Vitt of Brooks, McNally, Whittington, Platto & Vitt, Norwich, VT, and L.T. Crowley of Winthrop, Stimson, Putnam & Roberts, New York City, for Bankers Trust Co. (Bankers).

N. Creswell, S. Hoort and J. Sigel of Ropes & Gray, Boston, MA, for William M. Clifford (Clifford).

## MEMORANDUM OF DECISION ON EXTENT OF AVOIDING POWER

FRANCIS G. CONRAD, Bankruptcy Judge.

Bankers moves [1] for reconsideration [2] of our October 24, 1994, bench ruling denying its earlier "Motion in Limine Concerning Limitation on the Extent of the Debtor's Avoiding Powers" under 11 U.S.C. § 544(a). That motion asked us to issue an order ruling that

> Debtor's avoiding powers ... relating to the perfection of Bankers' lien on the Debtor's accounts receivable and contract rights ... are limited to the avoidance of liens on the Accounts owed by account debtors who were located in Vermont on the date of the Debtor's Chapter 11 petition, and excluding evidence not relevant to such Accounts.

We cited two reasons for our denial of the motion. First, we noted that this issue was settled adversely to Bankers a very long time ago, in *Moore v. Bay*, 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133 (1931). We also relied on the plain language of § 544(a), which gives to the trustee the right to "avoid any transfer of property of the debtor" that is voidable by a hypothetical lien creditor, and of § 550, which authorizes the trustee to "recover, for the benefit of the estate, the property trans-

C.O'C. Reis of Obuchowski & Reis, Bethel, VT, and S.L. Chenetz and R. Levy, Jr. of Marcus Montgomery, Wolfson, P.C., New York City, for Official Committee of Unsecured Creditors (Committee).

H. Berman and M.D. Bloom of Greenberg, Traurig, Hoffman, Rosen & Quentel, New

1. Our subject matter jurisdiction over this controversy arises under 28 USC § 1334(b) and the General Reference to this Court under Part V of the Local District Court Rules for the District of Vermont. This is a core matter under 28 USC §§ 157(b)(2)(A), (B), (C), (K), and (O). This Memorandum of Decision constitutes findings of fact and conclusions of law under F.R.Civ.P. 52, as made applicable by F.R.Bkrtcy.P. 7052.

2. This written elaboration of our oral ruling is made to assist the parties in preserving the record in the event of an appeal. We did not pause to consider whether Bankers is entitled to reconsideration.

ferred, or ... the value of such property...."

Bankers argues that we have misunderstood both *Moore* and the statutes. *Moore*, says Bankers,

> is not relevant because in that case it was undisputed that certain actual prepetition unsecured creditors could have primed the lender's liens on *all* of the collateral at issue. Here, the question is: As to which collateral could even the most advantageously situated hypothetical judgment lien creditor prime Bankers' liens?

Bankers' Memorandum in Support of Motion for Reconsideration, 2. A footnote explains Bankers' use of the word "prime:" "Although the cases sometimes speak loosely of 'avoiding' an unperfected security interest, what actually happens is that the trustee uses the 'rights and powers' of Section 544(a) to prime the unperfected lien." *Id.*

Bankers argues that a trustee's recovery under § 544(a) can be no more than a Vermont judgment lien creditor would be able to recover if no bankruptcy had been filed.[3] Such an actual creditor, Bankers claims, would be able to execute judgment only against account debtors located in Vermont. It is unnecessary for us to consider the validity of Bankers' contention that an actual Vermont judgment lien creditor would be able to recover only against Vermont account debtors, because avoidance and recovery are two separate and distinct issues covered by separate and distinct Code provisions. Bankers' arguments elides the distinction, confusing the trustee's power to avoid transfers of property with the trustee's power to recover the property transferred.

■ We note first that the trustee's § 544(a) power doesn't "prime" unperfected liens; it "avoids" transfers of property. The word "avoid" is statutory; "prime" is not. Bankers' interest in Debtors' accounts receivable arises out of a transfer. State law defines what is necessary to accomplish that transfer. Section 544(a) provides that if Bankers fails to comply with the transfer requirements imposed by applicable state law, then the transfer may be avoided; it

does not provide the contours of the trustee's recovery. Moreover, § 544(a) explicitly states that the trustee's avoiding powers exist "whether or not such a creditor exists." It makes no sense to measure the recovery under an avoiding power in terms of a class of creditor which might or might not actually exist. Finally, Bankers misapprehends the law of the case that it has helped create.

■ We have previously ruled in favor of Bankers on the issue of what choice of law rules to apply. Plaintiffs contended vigorously that the law of the forum state applies, and transparently brought this action in Vermont seeking to take advantage of the fact that Vermont is the only state which was, at the time in question, still clinging to an older version of the Uniform Commercial Code requiring filing in the Secretary of State's office of the state in which the accounts receivable are located. Although we ruled that the action was lodged here properly, under the doctrine of pendent venue, we have, we hope, made it abundantly clear that we have permitted the proceeding to remain here solely because it is the forum most convenient to the most relevant evidence. The trial itself will be about the ultimate issue of which state's law applies. That determination, however, will be based on federal choice of law principles, without regard to where the proceeding is actually venued. Thus, if we determine that Vermont law applies, it will be because we find that its interests in the controversy are greater than the interests of any other state. If such indeed is the case, then federal choice of law principles would require that Vermont law apply no matter where this adversary proceeding is pending. It would, in short, be a determination under federal choice of law principles that Vermont law governs perfection of the transfer in question in this case of a lien on all of Debtor's accounts receivable, no matter where the account debtors are located. The fact that most of Debtor's business and assets were located outside Vermont presents a significant hurdle for Plaintiffs to overcome; it does not limit Plaintiffs' recovery if they succeed in overcoming the hurdle.

**3.** Whether Vermont law applies is the central    issue to be determined at trial.

Whatever state's law governs will govern only the transfer. The effect of avoidance is a matter of federal law, governed by § 551: "Any transfer avoided ... is preserved for the benefit of the estate...." The trustee's right to recover is also a matter of federal law, governed by § 550:

(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made;....

As plainly appears from the language of the statute, § 550 provides a generic remedy for a number of specific avoiding powers. That remedy is a federal remedy and is in no wise dependent upon state law. Federal power enforces the trustee's recovery of "the property" transferred. "The property" is all of the property purportedly conveyed by the avoided transfer, no matter where within the federal jurisdiction it is located. Justice Holmes' description more than 60 years ago remains apt:

The trustee in bankruptcy gets the title to *all property which has been transferred* by the bankrupt in fraud of creditors or which prior to the petition he could by any means have transferred, or which might have been levied upon and sold under judicial process against him. [C]laims which for want of record or for other reasons would not have been valid liens as against the claims of creditors of the bankrupt shall not be liens against his estate.

*Moore v. Bay, supra,* 284 U.S. at 5, 52 S.Ct. at 4 (emphasis added).