[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**

**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**May 11, 2005**
**THOMAS  K. KAHN**
**CLERK**

No. 05-10075
Non-Argument Calendar

_____

D. C. Docket Nos. 04-01127-CV-ORL-31-KRS
and 94-01128-CV-ORL

IN RE:

RONALD BENDETTI,

Debtor.

_____

04-cv-01127-GAP-KRS

GENE T. CHAMBERS,

Plaintiff-Appellant,

versus

RONALD BENDETTI,
RALPH L. DEBLOIS,

Defendants-Appellees.

_____

04-cv-01128-GAP-DAB

IN RE:

RONALD BENDETTI,

Debtor.

_____

GENE T. CHAMBERS,

                                        Plaintiff-Appellant,

                        versus

RONALD BENDETTI,
RALPH L. DEBLOIS,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 11, 2005)**

Before BLACK, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Debtor, Ronald Bendetti, filed his Chapter 7 bankruptcy case on December 10, 1999. Trustee, Gene T. Chambers, is Trustee to the Bankruptcy Estate of Debtor. Trustee filed proceedings in the bankruptcy court to avoid and recover alleged fraudulent transfers by Debtor and to deny Debtor's bankruptcy discharge. The alleged fraudulent transfers concerned Debtor's transfer of several pieces of real estate, real estate projects, and bank accounts to various individuals and corporations. The bankruptcy court, in two separate proceedings – an avoidance

2

proceeding and a discharge proceeding – entered judgment for Debtor on all counts. The district court affirmed the Bankruptcy Court.

We review the district court's decision affirming the bankruptcy court's finding of facts for clear error. *In re Williamson*, 15 F.3d 1037, 1038 (11th Cir. 1994); *see* Fed. R. Bankr. P. 8013 (stating that "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous"). The burden of establishing clear error is on the party seeking to overturn the findings of the bankruptcy court. *In re Caribbean K Line, Ltd.*, 288 B.R. 908, 911 (Bankr. S.D. Fla. 2002). The district court's legal conclusions are reviewed *de novo*. *In re Bateman*, 331 F.3d 821, 825 (11th Cir. 2003). Further, denial of a motion to continue is reviewed for an abuse of discretion. *In re Kellogg*, 197 F.3d 1116 (11th Cir. 1999).

I.

Trustee first contends that the district court erred in finding that Debtor had no intent to delay or defraud his creditors. Trustee argues that Debtor's fraudulent intent was established by the following: (1) funds in the allegedly concealed bank accounts were transferred to the Defendants for no consideration; (2) Debtor concealed four bank accounts created "in trust for" Debtor; (3) Debtor received no consideration for real properties transferred to Westland and Seabrook, both

3

Florida corporations owned by George Bendetti, Debtor's brother; (4) Ralph Deblois, the personal representative of the estates of George Bendetti and Debtor's mother, Lydia Bendetti, who provided accounting and tax services to Debtor for years, was unaware of any such payments; (5) Debtor's valuation of various properties was false; (6) the close relationship between Debtor and Defendants; (7) Debtor retained benefits by living in a house owned and/or paid for by Lydia Bendetti's estate and was supported by Margaret Morgera, sole beneficiary of Lydia Bendetti's estate; (8) Debtor was unable to repay various mortgages at the time of the transfers, and many of those mortgages were in default at the time; (9) the cumulative effect of the transfers left Debtor insolvent; (10) the chronology and timing of the transfers shows Debtor transferring properties to insiders yet still being supported by those transferred assets; and (11) Debtor concealed records, accounts and property transfers.

Trustee also claims that the district court erred because he offered evidence of the "badges of fraud" that are used to determine the existence of actual intent. We agree with the district court that Trustee has not met his burden of proving fraudulent intent. Trustee's assertions are not supported by the evidence. We find no clear error on the part of the district court as to this issue.

II.

4

Trustee next argues that the district court erred in failing to find that Debtor concealed and failed to preserve information required by 11 U.S.C. § 727(a)(2). Among other bookkeeping deficiencies, Trustee argues that Debtor's Bankruptcy Schedules list only one empty bank account, no safety deposit box and no partnership interest. All that is required is that the financial condition and transactions of the debtor may be discerned for a reasonable period of time in the past, and the records here appear to be sufficient in that regard. *In re Gonzales*, 302 B.R. 745, 753 (Bankr. S.D. Fla. 2003). Since courts have the discretion to excuse the failure to keep or preserve records when presented with justifiable circumstances, we find that the district court did not clearly err as to its ruling on this issue. *In re Cohen*, 47 B.R. 871, 875 (Bankr. S.D. Fla. 1985).

## III.

Trustee also claims that the district court erred in holding that Debtor did not knowingly or fraudulently make a false oath or withhold information pursuant to 11 U.S.C. § 727(a)(3). In order to prevail on this issue, Trustee "must establish that the debtor knowingly and fraudulently made a false oath and that this oath pertained to a material fact." *In re Later*, 164 BR. 692, 695 (Bank. M.D. Fla. 1994). The district court determined that Trustee failed to establish the elements of 11 U.S.C. § 727(a)(3) and § 727(a)(4)(A). We find no clear error in the district

5

court's factual determinations as to this issue.

## IV.

Next, Trustee claims that the district court erred in finding that Debtor satisfactorily explained his transfers of assets and his failure to maintain and produce records pursuant to 11 U.S.C. § 727(a)(4) and (a)(5). Debtor's transfers, Trustee argues, were not corroborated by documentation or shown in good faith. Under 11 U.S.C. § 727(a)(5) the court shall grant a discharge unless "the debtor . . . failed to explain satisfactorily, before determination of denial of discharge . . . any loss of assets or deficiency of assets to meet the debtor's liabilities." The district court did not clearly err in finding Debtor's explanations satisfactory.

## V.

Trustee argues that he should be able to recover under the six-year statute of limitations provided by 28 U.S.C. § 3306 and that the district court erred in not extending the statute of limitations to Trustee as a private party. Although Trustee cites several cases standing for the proposition that "Trustee in bankruptcy gets the title to all property which has been transferred by the bankrupt in fraud of creditors," the case law cited does not address the statutory provision at issue here. *Moore v. Bay*, 284 U.S. 4, 52 S. Ct. 3 (1931). 28 U.S.C. § 3306 "was enacted to create procedures by which the *United States* could more efficiently collect its

6

debts without relying on a patchwork of state laws." *In re Phillips & Hornsby Lithog.*, 306 F. Supp. 2d 631, 636 n.13 (M.D. La. 2004) (emphasis added).

We have found no case law, and Trustee presents none, that indicates that 28 U.S.C. § 3306 extends its statute of limitations to private parties. We cannot apply the six-year statute of limitations to Trustee just because an arguable debt is owed to the United States. Further, we note that the United States is not a party in this action and did not assert a claim against Debtor for unpaid taxes. Therefore, the six-year statute of limitations under 28 U.S.C. § 3306 is not available. The district court did not err in finding that Trustee could not recover on his fraudulent transfer claims regarding the Royal Transfer and the transfers to Westland.

VI.

Trustee argues that there were fraudulent transfers of several pieces of real property and bank accounts. Trustee asserts that the district court erred in its holding that there was no evidence of fraudulent transfers.

*a) Real Property Transfers*

Trustee first alleges fraudulent transfers of several pieces of real property. The District Court found that Trustee's fraudulent transfer actions regarding Debtor's transfers of various real property to Westland, a Florida corporation owned by George Bendetti, and to Royal, a Florida corporation owned by Debtor,

7

are barred by Fla. Stat. ch. 726.110. The district court found, and we agree, that the statute of limitations barred Trustee's actions because they were brought more than four years after Debtor made the transfers at issue.

Trustee argues that the district court ignored recent transfers that were performed within the four-year statutory period and that they are not barred by the statute of limitations. We review the district court's findings of fact for clear error and we find no such error as to this issue.

The remaining two transfers at issue are those to Seabrook, George Bendetti's corporation, and the transfer of a parcel of real estate to George Bendetti. Trustee's fraudulent transfer action was brought within four years of these particular transfers, thus this claim is not time barred by Section 726.110.

The elements required to prove a fraudulent transfer include: (1) a creditor that was defrauded; (2) a debtor who intended to defraud; and (3) a conveyance of the property which could have been applicable to the payment of the debt due. *Huntsman Packaging Corp. v. Kerry Packaging Corp.,* 992 F. Supp. 1439, 1446 (M.D. Fla. 1998). Trustee has not met his burden in proving these necessary elements. The evidence does not indicate that Debtor attempted to or intended to defraud his creditors. In fact, the evidence suggests that Debtor was making efforts to restructure his debt and assist his creditors, not hinder or delay them.

8

*b) Bank Account Transfers*

The second category of assets subject to Trustee's fraudulent transfer claims are several of Debtor's bank accounts. Under Florida law, the party seeking to undo a transfer must show that the debtor actually owned the property at issue. Trustee failed to make this showing, thus the fraudulent transfer claims regarding these bank accounts necessarily fail.

We find that the district court did not err in holding that most of Trustee's fraudulent transfer claims were time barred. Further, we hold that Trustee failed to meet his burden as to the remaining fraudulent transfer claims.

VII.

Trustee argues that the district court clearly erred in ruling that Trustee had failed to establish Debtor as the de facto, constructive or equitable owner of any of the transferred assets. Trustee claims that the district court ignored the fact that Debtor testified in 1999 and 2000 that he was supported by his mother who utilized rents from the transferred assets for his support; that Debtor lived in residences that were being paid for by his mother or her estate from 1999 on; that rents were being deposited into Debtor's four concealed Bank of America accounts after 1997; and that Debtor's concealed bank accounts were being used to pay for expenses of the estates of Lydia and George Bendetti. Neither the evidence nor Trustee's

assertions establish Debtor's status as equitable owner of any of the transferred assets. Thus, the district court did not clearly err as to this issue.

## VIII.

Trustee alleges that the corporate veils of the Seabrook and Westland Corporations were pierced and that the district court erred in finding no evidence to support this claim. Trustee asserts that the evidence illustrated that Seabrook and Westland were used to defraud Debtor's creditors; that Debtor and Lydia Bendetti controlled those entities which were mere instrumentalities of Debtor; that Debtor and Lydia Bendetti ignored the separate corporate existence of those entities by intermingling personal and corporate assets; and that the use of those entities was improper as a part of a scheme to defraud creditors.

We agree with the district court that Trustee failed to establish any of the elements required to pierce the corporate veil. Therefore the district court was not clearly erroneous as to its ruling on this issue.

## IX.

Trustee argues that the district court erred in finding no evidence that established a constructive trust. Further, Trustee claims that the district court ignored evidence of confidential relationships and the element of fraud as an alternative basis for establishing a constructive trust. Trustee also argues that the

10

family and personal relationships between Debtor and Defendants is necessarily confidential. Trustee states that he proved the element of unjust enrichment because Defendants gave nothing to Debtor for the transferred real properties and the funds in Debtor's concealed accounts, which resulted in unjustly enriching Debtor who shared the benefits with Morgera.

We agree with the district court's finding that Trustee failed to prove that any alleged transfer of the bank accounts or various other real property assets was fraudulent. Since a showing of fraud is necessary to establish unjust enrichment, the argument as to constructive trust fails. Thus, the district court's ruling on this issue was not clearly erroneous.

X.

Trustee finally argues that the district court's findings of fact contradict the evidence and that the court erred in denying his motion to compel, amend the adversary proceeding and to continue trial. Trustee asserts that the district court's findings of fact accept at face value the uncorroborated self-serving testimony of Debtor. After reviewing the record and the parties' briefs, we find that the district court's findings of fact did not contradict the evidence and there was no clear error.

Seeing as we found no error on the part of the district court we do not find

11

that the denial of Trustee's motion to compel, amend and continue trial was an abuse of discretion.

Upon consideration of the record and the parties' briefs, we find that the district court did not err. We accordingly AFFIRM the district court's order.

**AFFIRMED.**