J. J. GRABENHOFER, TRADING AS RIVIERA FURNITURE CO., RIVIERA BEACH, FLORIDA, PLAINTIFF v. LAHOMA GARRETT, DEFENDANT.

(Filed 19 July 1963.)

**Husband and Wife § 15;   Execution § 16—**

A judgment creditor of the husband alone is not entitled, in supplemental proceedings after execution is returned unsatisfied, to the appointment of a receiver for lands held by the husband and wife by the entireties.

APPEAL by plaintiff from *Hobgood, J.,* November Term 1962 of ALAMANCE.

The hearing below was on plaintiff's motion that a receiver be appointed to take possession of certain real property in Alamance County, North Carolina, owned by defendant and his wife, Ethylene Garrett, as tenants by the entirety, and that the receiver rent said property and apply the rentals to the payment of a judgment plaintiff had obtained against defendant.

The only evidence was plaintiff's verified motion and defendant's verified answer thereto.

The court's findings of fact are quoted below.

"1.   That on or about December 8, 1960, the plaintiff secured a Judgment against the defendant in the above entitled action in the Superior Court of Alamance County, North Carolina, in the sum of $1,623.52, plus interest thereon at the rate of six per cent per annum from and after October 25, 1958. (Note: Execution was issued and returned unsatisfied.)

"2.   That on or about August 8, 1962, and pursuant to an Order of the Clerk of the Superior Court of Alamance County, North Carolina, the plaintiff examined the defendant relative to any property, both real and personal, then owned by said defendant and which could be subject to execution to satisfy said Judgment. That at said hearing it was determined that the defendant and his wife, Ethylene Garrett, were the owners in an estate by the entireties of 1.9 acres of land located in Patterson Township, Alamance County, North Carolina, in the approximate value of $13,000, and upon said land was situated the home of the defendant and his family.

"3.   That in 1957 the defendant obtained temporary employment in the State of Florida on a construction job, and thereafter has spent some time in the State of Florida, and some time in the State of North Carolina, and in the year 1958, the defendant was permanently injured in an accident arising out of the course and scope of his employment, and thereafter has received medical treatment both in the State of Florida and in the State of North Carolina. That the land located in Patterson Township, Alamance County, North Carolina, was purchased by the defendant and his wife in 1947, and thereafter the defendant and his wife erected a dwelling house on said property in the year 1948, and have continuously maintained their residence thereat except for periods of time since 1957 when they stayed in the State of Florida.

"4.   That the defendant is a citizen and resident of Alamance County, North Carolina, and has established and maintained at all times his domicile in the State of North Carolina, and is presently a citizen and resident and domiciled in the State of North Carolina. That the dwelling house located on the 1.9 acres of land in Patterson Township, Alamance County, North Carolina, is owned jointly by the defendant and his wife in an estate by

the entireties, and is used by the defendant and his family as their home, and that said property is not subject to execution to satisfy any Judgment against the defendant, Lahoma Garrett, individually."

The court, by order dated November 12, 1962, denied plaintiff's said motion. Thereupon, plaintiff excepted "to the foregoing ruling of the Court" and appealed. In "Assignments of Error" dated March 27, 1963, plaintiff set forth (1) that the court erred in denying plaintiff's said motion, and (2) that the court erred "in finding that the defendant was a resident of the State of North Carolina at the time the motion was made for the appointment of a receiver and that the property in question was the 'home' of defendant."

*Gerald C. Parker, for plaintiff appellant.*
*Ross & Wood for defendant appellee.*

BOBBITT, J.    The properties and incidents of an estate by the entirety are set forth in *Davis v. Bass,* 188 N.C. 200, 124 S.E. 566, and in *Johnson v. Leavitt,* 188 N.C. 682, 125 S.E. 490. For a comprehensive exposition, with full citations, see valuable article by Professor Robert E. Lee, "Tenancy by the Entirety in North Carolina," 41 N.C.L.R. 67-100.

Under prior decisions of this Court, defendant has no (divisible) interest in the subject property which, during coverture, is subject to sale under judgment and execution against him alone. *Edwards v. Arnold,* 250 N.C. 500, 109 S.E. 2d 205; *Harris v. Distributing Co.,* 172 N.C. 14, 89 S.E. 789. Professor Lee, *op cit.,* p. 84, cites these and other North Carolina decisions in support of the following statements: "In North Carolina a tenancy by the entirety is not subject to levy under execution on a judgment rendered against either the husband or the wife alone. Neither the husband nor the wife has such an interest in an estate by the entirety as can be sold under execution to satisfy a judgment against him or her alone." Also, see *Lee, op. cit.,* p. 86.

During coverture, a judgment against either the husband or the wife is not a lien on land owned by husband and wife as tenants by the entirety. *Air Conditioning Co. v. Douglass,* 241 N.C. 170, 174, 84 S.E. 2d 828, and cases cited. Hence, their joint deed conveys the land to a purchaser free and clear of the lien of any judgment docketed against either the husband or the wife. *Hood v. Mercer,* 150 N.C. 699, 64 S.E. 897, and cases cited; *Winchester-Simmons Co. v. Cutler,* 199 N.C. 709, 155 S.E. 611, and cases cited; *Lee, op. cit.,* p. 87.

In Annotation, "Interest of spouse in estate by entireties as subject to satisfaction of his or her individual debt," 75 A.L.R. 2d 1172, 1175, this statement appears: "In a majority of jurisdictions, it has been held that under the Married Women's Property Acts the interest of a husband or a wife in an estate by entireties is not subject to the claims of his or her individual creditors during the joint lives of the spouses, and if the debtor spouse dies first the survivor takes the entire estate free from the debts of the deceased." The numerous cases cited in support of this statement include decisions of this Court.

Since "the husband, during coverture and as between himself and the wife, has absolute and exclusive right to the control, use, possession, rents, issues, and profits of property held as tenants by the entirety," it was held in *Lewis v. Pate*, 212 N.C. 253, 193 S.E. 20, cited by plaintiff, that crops raised on land owned by husband and wife as tenants by the entirety belonged to the husband and were subject to levy and sale under execution to satisfy a judgment against him. A sale under execution of said crops, except the portion set apart by appraisers as the judgment debtor's personal property exemption, was ordered. Suffice to say, no question is now presented with reference to crops raised on the subject property.

Plaintiff's motion is made in proceedings supplemental to execution. Defendant was required to appear and answer concerning his property. G.S. 1-352. Then, if not before, plaintiff was advised as to the subject property and as to its ownership by defendant and his wife as tenants by the entirety.

There is no contention that any person or corporation has property of defendant or is indebted to defendant. G.S. 1-360 *et seq*. In this connection, see *Cornelius v. Albertson*, 244 N.C. 265, 268, 93 S.E. 2d 147.

Defendant is in lawful possession of the subject property. If (contrary to our prior decisions) plaintiff's contention that defendant has a divisible interest in the subject property were accepted, it would seem that such interest, except to the extent it would be exempt as a homestead or personal property exemption, would be subject to sale under execution, and such execution sale would constitute plaintiff's remedy. G.S. 1-315. Thus, whether his said contention is rejected or accepted, plaintiff's motion for appointment of a receiver was properly denied.

Obviously, plaintiff's exception "to the foregoing ruling of the Court" is insufficient to support plaintiff's purported assignment of error relating to certain of the court's findings of fact. However, this

Court's decision, which affirms the order of the court below, is not based on any finding of fact referred to in plaintiff's said purported assignment of error.

Affirmed.