In the Matter of William Henry WOOLARD, Debtor.

SOUTHERN NATIONAL BANK OF NORTH CAROLINA, Plaintiff,

v.

William Henry WOOLARD and Gregory B. Crampton, Trustee, Defendants.

Bankruptcy No. 80–02154–5(A).
Adv. No. 80–0462–AP.

United States Bankruptcy Court, E. D. North Carolina.

July 22, 1981.

C. Christopher Smith, Lumberton, N. C., for plaintiff.

Donald A. Davis, Raleigh, N. C., for debtor.

Gregory B. Crampton, Raleigh, N. C., trustee.

## ORDER

THOMAS M. MOORE, Bankruptcy Judge.

This matter comes on to be heard upon the complaint to modify the automatic stay filed by Southern National Bank of North Carolina, through its attorney, on November 14, 1980. The Trustee, Gregory B. Crampton, Attorney at Law, Raleigh, North Carolina, did not appear at the trial.

After considering all the evidence, the court finds the facts to be as follows:

## FINDINGS OF FACT

On September 29, 1980, the debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code in which his wife did not join. Scheduled as an asset was real property owned by the debtor and his wife as tenants by the entirety.

The debtor has elected to take the North Carolina state exemptions and to exempt his interest in the entireties property pursuant to 11 U.S.C. § 522(b)(2)(A) and (B).

The plaintiff is the holder of several unsecured promissory notes on which the debtor and his wife are jointly obligated. It has instituted this proceeding seeking to have the automatic stay lifted and the entry of the discharge delayed until it can proceed to judgment against Mr. and Mrs. Woolard in state court.

## ISSUE

The issue before the court is whether the automatic stay may be lifted and a joint creditor allowed to proceed in state court against a debtor and his wife, where only the husband has filed a petition under the Bankruptcy Code and the debtor has claimed his interest in the tenancy by the entirety property as exempt.

## CONSIDERATION OF ISSUE

Under the Bankruptcy Act, when only one spouse had filed a petition in bank-

ruptcy, the stay could be lifted and the entry of the discharge could be delayed so that a creditor, holding a joint note of the husband and wife, could proceed to obtain a judgment against both spouses in order to subject the tenancy by the entirety property to his claim. *Phillips v. Krakower*, 46 F.2d 764 (4th Cir. 1931).

Equity existed in favor of the creditor because the granting of a discharge to one spouse effectively removed the entirety property from the reach of the creditor who was entitled to have it subjected to his claim. *Id.*

 North Carolina recognizes the common law tenancy known as tenancy by the entirety. In such a tenancy, neither spouse can individually transfer or encumber the real property in such a manner as will affect or defeat the other spouse's right of survivorship. *Moore v. Shore*, 208 N.C. 446, 181 S.E. 275 (1935). Also, the individual creditors of the husband or wife cannot reach entirety property upon a judgment procured against either the husband or wife alone. *Grabenhofer v. Garrett*, 260 N.C. 118, 131 S.E.2d 675 (1963). However, joint creditors of both can procure a joint judgment and reach the entirety property to satisfy the judgment. *Martin v. Lewis*, 187 N.C. 473, 122 S.E. 180 (1924). As such, when only one spouse filed a petition under the Bankruptcy Act, title to the entirety property did not pass to the trustee. 4A Collier on Bankruptcy ¶ 70.17[8] at 181 (14th ed. 1978).

Under the new Bankruptcy Code, the debtor's interest in tenancy by the entirety property becomes an asset of the estate even though the debtor's spouse has not filed a petition. *In re Ford*, 3 B.R. 559 (Bkrtcy., Md.1980), *aff'd sub nom. Greenblatt v. Ford*, 638 F.2d 14 (4th Cir. 1981). However, the tenancy by the entirety is not severed and the debtor may exempt it under section 522(b)(2)(B). The same equity exists in favor of the creditor as the granting of the discharge for one spouse will remove the property from the reach of the creditor.

## CONCLUSION OF FACT AND LAW

This court concludes that the plaintiff is entitled to have the stay lifted and the entry of the discharge delayed so as to permit it to proceed in state court against the debtor and his spouse in order to obtain a joint judgment against them and to acquire a lien against the entirety property. Although the new Bankruptcy Code changes the rule that tenancy by the entirety property is not property of the estate, it does not sever or change the nature of the tenancy by the entirety and it does not change the equity which exists in favor of the creditor. When the debtor elects to exempt his interest in tenancy by the entirety property, a joint creditor may, prior to discharge and upon the lifting of the stay, proceed to obtain a judgment against both the debtor and his spouse to be satisfied against property held as tenants by the entirety. *In re Ford* at 576. Now therefore,

IT IS ORDERED that the automatic stay be, and the same hereby is, lifted as to Southern National Bank of North Carolina and the same is hereby permitted to proceed in state court against the debtor and his spouse on the promissory notes described in the complaint.

IT IS FURTHER ORDERED that the entry of the discharge in this case be delayed until there is a final determination of the state court action on the promissory notes against the debtor and his spouse.