**In re William BOYD, IV, Debtor.**

**Bankruptcy No. 89–07043.**

United States Bankruptcy Court,
N.D. Florida,
Tallahassee Division.

Sept. 11, 1989.

**624**

Thomas B. Woodward, Tallahassee, Fla., for debtor.

Ronald A. Mowrey, Tallahassee, Fla., Trustee.

## ORDER ON OBJECTION OF TRUSTEE TO DEBTOR'S CLAIMED EXEMPTIONS

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

This cause comes before the Court on Objection of the Trustee to the Debtor's Claim of exemption pursuant to § 522(b)(2)(B) of the Bankruptcy Code. For the reasons which follow, Trustee's Objection to the Debtor's Claim of Exemption is sustained.

The Debtor, William Boyd, IV, filed his Petition under Chapter 7 of the Bankruptcy Code on February 15, 1989. Schedule B–4 lists as exempt several assets, including real and personal property. One parcel of real property is a condominium, located in Tallahassee, Florida, held in tenancy by the entirety with the Debtor's non-debtor wife. One half of the condominium is owned by the Debtor and his wife and the other half is owned by the Debtor's daughter. The personal property held by the entireties is located at the Debtor's primary residence in Florida. The Debtor also claims as exempt real and personal property located in Georgia, which is owned by the Debtor and his wife as joint tenants with the right of survivorship. The Trustee objects to these exemptions.

The parties have agreed that the Debtor and his wife, a non-debtor, have several joint obligations although they have not enlightened the Court as to the extent of such obligations. The trustee argues that the tenancy by the entirety property is not exempt property and that such property may be administered in the bankruptcy case to satisfy the debts owed to joint creditors.

In opposition, the Debtor contends that both parcels of real property and all of the personal property located at either the Debtor's personal residence in Florida or at the lake house in Georgia is exempt pursuant to § 522 of the Bankruptcy Code.

The parties are not contesting the characterization of the Debtor's Florida property listed in Schedule B–4 as tenancy by the entirety property. The dispute is whether the Debtor's property held in tenancy by the entirety with his non-debtor wife is property of the estate subject to administration.

■ Initially, this Court recognizes that Florida has opted out of the federal exemption scheme. Fla.Stat. § 222.20 and 222.-201 (1987). However, § 522(b)(2)(B) of the Bankruptcy Code exempts from administration property in which the Debtor has an interest as a tenant by the entirety only to the extent that this interest is exempt from process under applicable local law. Under local law it is clear that entireties properties are immune from the claims of creditors who have claims against only one of the tenants. *In re Roy*, 42 B.R. 102 (Bankr.S.D.Fla.1984). This is because the type of ownership interest gives each tenant full and undivided control of the entire property.

■ Property held by tenants by the entirety would be exempt from process under Florida law only if no joint creditors existed. *Stanley v. Powers*, 123 Fla. 359, 166 So. 843 (1936). Where there were joint creditors of both spouses who under Florida law could have levied on properties held by the Debtor and non-debtor spouse as tenants by the entireties, the trustee was entitled to liquidate the debtor's interest in the properties. Bankr.Code, 11 U.S.C.A. § 363(h), 522(b)(2)(B). *In re ' Koehler*, 6 B.R. 203 (Bankr.M.D.Fla.1980); *In re Geoghegan*, 101 B.R. 329 (Bankr.M.D.Fla. 1989).

■ Under Florida law, the Florida property listed as exempt under Schedule B–4 is not exempt from the process of joint creditors. The property is subject to administration under § 363(h) of the Bankruptcy Code. However, such administration is limited to the extent of the claims held by joint creditors of both Debtor and his non-filing wife. *In re Pepenella*, 79 B.R. 76

(Bankr.M.D.Fla.1987). The Debtor's equity in the entireties property above the amount of the joint obligations qualifies for the § 522(b)(2)(B) exemption. *In re Geoghegan*, 101 B.R. 329 (Bankr.M.D.Fla.1989).

■ This property subject to administration does not create a special priority class of creditors. If a trustee is permitted to liquidate the properties in question as contemplated by § 363(h), this would not create a sub-class of creditors, joint creditors of the Debtor and his non-filing wife, who would be the only ones entitled to the proceeds of the sale of these properties. This result would be totally contrary to and in violation of the scheme of distribution provided by § 726 of the Bankruptcy Code. This is so because the remaining unsecured creditors who do not have a claim against both the Debtor and his spouse would not receive a treatment equal to the joint creditors even though legally they are holding claims of equal rank. This result would be contrary to the holding of the Supreme Court in the case of *Moore v. Bay*, 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133 (1931). In *Moore v. Bay* the Supreme Court held that what the trustee recovers is to be treated like any other asset of the estate, to be distributed pro rata to all creditors under the bankruptcy distribution scheme. The creditor whose claim triggered the recovery receives no special treatment in this regard.

As to the Georgia properties, the Debtor owns these properties as "joint tenants with the right of survivorship and not as tenants in common," with his non-filing spouse. Debtor contends this property is exempt pursuant to § 522(b)(2)(B) of the Bankruptcy Code based on the theory that the properties are exempt from process under Georgia law. Trustee claims that jointly held property may be alienated and the proceeds should be used to satisfy the Debtor's individual obligations.

■ Initially, the bankruptcy estate includes, subject to two nonapplicable exclusions, all the debtor's legal or equitable interests in property as of the commencement of the case. § 541(a)(1). The concept of an "interest" for the purpose of this section is not limited. In other words, the estate by operation of law takes over the debtor's position with respect to all property, both exempt and nonexempt. An individual debtor, however is entitled later to exempt from the estate certain property. § 522(b).

■ It is clear under Georgia law that a joint interest with the right of survivorship may be severed as to the interest of any owner by the recording of an instrument which results in the lifetime transfer of all or part of his interest. Ga.Code Ann. § 44–6–190. Thus it is apparent that the trustee standing in the debtor's shoes could alienate the joint property and hence it would not be immune from process under Georgia law.

■ Under the Bankruptcy Code property only partially owned by the estate may be sold. As in this case, when the Debtor owns an undivided interest in property as a joint tenant the trustee may sell both the estate's interest and the interest of the co-owner if all four of the conditions of § 363(h) of the Bankruptcy Code are met. First, partitioning the property between the estate and the co-owner must be impracticable. Second, the estate's pro rata interest in the proceeds from a sale of the entire property must be significantly greater than the amount that would be realized if only the estate's undivided interest were sold. Third, sale of the entire property must benefit the estate more than it will harm the co-owner. Fourth, the property must not be used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power. If the trustee meets these four conditions, then the Debtor's portion of his equity in the property could be used to satisfy his creditors according to the Bankruptcy distribution scheme in § 726 of the Bankruptcy Code.

Therefore, this Court sustains the Trustee's objections to the Debtor's claims of exemptions.

DONE AND ORDERED.