**In re William B. McRAE, Debtor.**

**No. 01–20930–PCY5.**

United States Bankruptcy Court,
N.D. Florida,
Panama City Division.

Aug. 6, 2002.

dictable fair market value of the goods at the time the option is be performed.

NMSA 1978 § 55–1–201 (Cum.Supp.2001).

John E. Venn, Jr., Pensacola, FL, Chapter 7 Trustee.

Ronald A. Mowrey, Mowrey & Biggins, P.A., Tallahassee, FL, for debtor.

### Order Sustaining Chapter 7 Trustee's Objection to Debtor's Claim of Exemptions

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS CASE came before the Court on June 28, 2002 for a hearing on Chapter 7 trustee John E. Venn, Jr.'s objection to debtor William B. McRae's claim for exemption of property held in tenancy by the entireties. This Court has jurisdiction pursuant to 28 U.S.C. §§ 151 and 157(a). This is a core matter under 28 U.S.C. § 157(b)(2)(B). The following findings of fact and conclusions of law are presented in accordance with Federal rule of Bankruptcy Procedure 7052.

### Facts and Procedural History

The debtor filed his voluntary petition for relief under Chapter 7 of the Bankruptcy Code on December 20, 2001. The debtor's wife did not join in the petition. Total scheduled assets are $687,750.93. Total scheduled liabilities are $1,241,862.98, of which $515,993.35 is for secured claims. The couple's homestead property is in Marianna, Florida. They also have a home and two parcels of land in North Carolina. The debtor's Schedule C claims $381,130.00 in exemptions for property held by the entireties. The bulk of entireties exemption is for the North Carolina properties and their contents, and the Florida homestead contents in excess of the Florida constitutional exemptions.

The amended schedules list two pre-petition creditors with claims against Mr. *and* Mrs. McRae: MBNA America for $15,876.59 and Canon USA for $15,445.84. The MBNA debt of $15,194.55 was actually paid pre-petition from Margaret McRae's

personal investment account.[1] On February 25, 2002, post petition, Mrs. McRae settled the Canon debt by paying $9,401.99 from her personal checking account.

## I. Discussion:

The debtor's claim for exemption is based on the current lack of joint creditors who can enforce claims against the entireties assets. The Chapter 7 trustee's objection to the exemption is based on the presence of joint debts on the date the case was filed.[2] Thus, the question presented is whether the elimination of the final joint (Canon) debt post-petition prevents the administration of the entireties property.

### A. Florida and North Carolina, Both Having Opted–Out of the Federal Exemptions of § 522(d), Recognize a TBE Exemption in the Absence of Joint Creditors

The commencement of a case under Title 11 of the United States Code creates an estate comprised of all property in which the debtor has a legal or equitable interest at the time of filing. 11 U.S.C. § 541(a). Property held in tenancy by the entirety is property of the estate when one of the spouses files bankruptcy. *In re Geoghegan,* 101 B.R. 329, 330 (Bankr. M.D.Fla.1989). An individual debtor may exempt property from the bankruptcy estate by claiming exemptions authorized under § 522 of the Bankruptcy Code, subject to any limitations placed by his State under the opt-out provision of § 522(b)(1). Florida has opted out of § 522(d) under Florida Statute § 222.20; *In re Ciccarello,* 76 B.R. 848, 850 (Bankr.M.D.Fla.1987).

North Carolina has also opted out of the exemption scheme provided by Bankruptcy Code, so bankruptcy debtors in North Carolina depend on state law both for substance and for procedure. N.C.G.S. § 1C–1601(f); *In re Pinner,* 146 B.R. 659, 660 (Bankr.E.D.N.C.1992).

Both states recognize the estate of tenancy by the entireties. *See Hunt v. Covington,* 145 Fla. 706, 200 So. 76 (1941); *Combs v. Combs,* 273 N.C. 462, 160 S.E.2d 308 (1968). "An estate over which the husband and wife have absolute disposition ... [and they hold] as one person ... is not subject to execution for the debt of the husband." *Hunt* at 77. "Individual creditors of a husband and wife can not reach entireties property upon a judgment against either the husband or wife alone...." *Grabenhofer v. Garrett,* 260 N.C. 118, 131 S.E.2d 675 (1963). The Code also allows debtors to claim exemptions under § 522(b)(2)(B) for property held in tenancy by the entireties to the extent that such interest is exempt from process under applicable non-bankruptcy (state) law. *Ciccarello* at 850; *In re Woolard,* 13 B.R. 105, 107 (Bankr.E.D.N.C. 1981). There are no value limitations to the TBE exemption under either state law. However, creditors holding claims jointly against the husband and wife may reach TBE property, to the extent of the joint debt, under both state schemes. *See Ciccarello* at 850; *see Woolard* at 107. In bankruptcy, TBE property exposed to joint debt is property of the estate subject to administration by the Chapter 7 trustee. *Id.*

This Court previously addressed the issue of a married, sole-filing debtor claim-

---

1. December 18, 2001, two days before the Chapter 7 petition was filed.

2. The use of the non-filing wife's personal funds to resolve the joint debts immediately

pre-and-post-petition is the basis for the Chapter 7 trustee's separate adversary complaint to avoid the transfers, and will not be addressed here.

ing TBE exemptions in *In re Boyd*, 121 B.R. 622 (Bankr.N.D.Fla.1989). In *Boyd*, the married debtor filed a sole voluntary petition under Chapter 7. He claimed the TBE exemption for the couple's interest a condominium held jointly between the married parents and their daughter, and also for the couple's primary residence. In addition to these Florida properties he also claimed an exemption for real and personal property in Georgia owned by the couple as joint tenants with rights of survivorship. There were joint creditors, although none of the joint creditors filed a claim. The question presented was whether the administration of the TBE property was limited to payment of joint debt or if the TBE property could be used to satisfy all of the obligations of the bankruptcy estate. Relying on *Moore v. Bay*, 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133 (1931), I held that as long as the conditions of § 363(h)[3] were met, that "the debtor's portion of his equity in the property could be used to satisfy his creditors according to the bankruptcy distribution scheme" of § 726 of the Code. *Boyd* at 625.

Subsequently, Boyd's counsel advised this Court that the debtor had reaffirmed all his joint debts, and there were no joint creditors holding allowable unsecured claims. Following my denial of a motion for rehearing, the debtor appealed my ruling. In an unpublished opinion, the District Court partially reversed the Bankruptcy Court ruling, holding that since there was no longer any joint debt, the opinion regarding administration of the TBE assets was advisory.

**B. TBE Property Not Exempted From Property of the Bankruptcy Estate is Available for the Administration of Joint Debts that Existed on the Date of the Petition**

The unpublished District Court opinion did not address the merits of the projected distribution of TBE property outlined in the Bankruptcy Court's published *Boyd* opinion. Thus, the distribution scheme for TBE property of the estate as delineated by *Boyd* is unchallenged in this District. The TBE exemption extends only as far as

> any interest in property which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety ... to the extent that such interest ... is exempt from process under applicable nonbankruptcy law.

11 U.S.C. § 522(b)(2)(B).

The TBE exemption, like all exemption rights, was fixed at the date of the petition. *See Myers v. Matley*, 318 U.S. 622, 626–28, 63 S.Ct. 780, 87 L.Ed. 1043 (1943); *White v. Stump*, 266 U.S. 310, 312–13, 45 S.Ct. 103, 69 L.Ed. 301 (1924); *In re Dolen*, 265 B.R. 471, 487, n. 4 (Bankr.M.D.Fla.2001). As stated in *White v. Stump*,

> [T]he point of time which is to separate the old situation from the new in the bankrupt's affairs is the date when the

---

**3.** "Under the Bankruptcy Code property only partially owned by the estate may be sold. As in this case, when the Debtor owns an undivided interest in property as a joint tenant the trustee may sell both the estate's interest and the interest of the co-owner if all four of the conditions of § 363(h) of the Bankruptcy Code are met. First, partitioning the property between the estate and the co-owner must be impracticable. Second, the estate's pro rata interest in the proceeds from a sale of the entire property must be significantly greater than the amount that would be realized if only the estate's undivided interest were sold. Third, sale of the entire property must benefit the estate more than it will harm the co-owner. Fourth, the property must not be used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power." *Boyd* at 625.

petition is filed.... When the law speaks of property which is exempt and of rights to exemptions it of course refers to some point in time. In our opinion, this point in time is the one as of which the general estate passes out of the bankrupt's control, and with respect to which the status and rights of the bankrupt, the creditors and the trustee in other particulars are fixed.

266 U.S. at 313, 45 S.Ct. 103. Thus, the post-petition payment of the Canon debt by the debtor's wife cannot create an exemption that did not exist on the date of the petition.

 Courts should not allow a TBE exemption if a joint creditor existed on the date of the petition. *See In re Anderson,* 132 B.R. 657, 659–660 (Bankr.M.D.Fla. 1991). A joint creditor in existence at the time of the filing of the petition can obtain favorable process, and can pursue the joint debt. *Id.* In this case, there was joint debt non the date of the petition, and there were TBE assets available for the satisfaction of the joint debt on the date of the petition. The TBE assets, to the extent of the joint debt, are not exempt from process, and are subject to bankruptcy administration.

### C. Non–Exempt TBE Property of the Estate Must be Administered According to the Distribution Scheme of § 726

There is no separate classification for joint debt in the distribution priorities outlined by section 726 of the Code. There is no special priority for the party who initiated the assault on the TBE exemption. *See Boyd* at 625. Permitting the trustee to liquidate TBE property in accordance with § 363(h) would contradict the creation of a special sub-class of joint creditors solely entitled to the proceeds from the sale of the TBE assets. *Id.* The joint unsecured claims are of equal rank to the other unsecured claims pursued exclusively against the debtor.

## II. Conclusion

The Chapter 7 trustee shall administer $15,445.84 of TBE assets, the amount equal to the joint debt on the date of the petition. The debtor's portion of his equity in those TBE assets can be used to satisfy the creditors and the administrative expenses pursuant to the priorities of § 726. Therefore, it is

ORDERED AND ADJUDGED that the Chapter 7 trustee's objection to the debtor's claim of exemption in property held in tenancy by the entirety is hereby SUSTAINED.