**In re William B. MCRAE,
Appellant/Debtor.**

**No. 5:02cv385 MMP.**

United States District Court,
N.D. Florida,
Panama City Division.

Aug. 25, 2003.

Ronald Aaron Mowrey, Mary Elizabeth Watts–Wilkie, Mowrey & Biggins PA, Tallahassee, FL, for Appellant.

John Edward Venn, Jr., John E. Venn Jr., PA, Pensacola, FL, Pro se.

### ORDER

PAUL, Senior District Judge.

This cause comes before the Court on appeal from the United States Bankruptcy Court for the Northern District of Florida, Tallahassee Division (Bankruptcy Case No. 01–20930–PCY5). Appellant/Debtor William B. McRae (hereinafter "Debtor") challenges the Bankruptcy Judge's order sustaining the objection of Trustee John E. Venn, Jr. (hereinafter "Trustee") to Debtor's claims of exemption. Specifically, Debtor challenges the following rulings below: (1) that tenancy by the entirety property may be administered by a trustee when all joint debts have been paid or reaffirmed post-petition, and (2) that proceeds from the liquidation of non-exempt entireties property are available to all creditors of the Chapter 7 debtor. Based upon the facts of the case, the arguments of counsel and the applicable law, the judgment of the bankruptcy court is **RE-VERSED** and this case **REMANDED** for proceedings consistent with this order.

## I.  BACKGROUND

The following facts are undisputed. *See* Initial Br. of Appellant William B. McCrae (doc. 3) (hereinafter "Debtor's Brief") at 4–5; Br. of John E. Venn, Jr., Trustee (doc. 4) (hereinafter "Trustee's Brief") at 3. Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on December 20, 2001. Appellant's wife did not join in the petition. Appellant's schedules identify various real and personal properties owned jointly by Debtor and his wife as tenants by the entirety. On May 9, 2002, Trustee filed an objection to Debtor's claim of exemptions alleging Debtor was not entitled to his full claim of exemptions as joint unsecured debts existed as of the date of filing for bankruptcy.

A hearing an Trustee's objection to Debtor's claim of exemptions was held on June 28, 2002, before Bankruptcy Judge Lewis M. Killian, Jr. At the hearing it was established that joint debt listed on the petition as due to MBNA was paid in full prior to the filing of bankruptcy, and that the debt listed as due to Cannon U.S.A. was the only joint unsecured debt at the time of filing. It was also established that the Cannon debt, which totaled $9,401.99, was paid in full by Debtor's wife on February 25, 2002. At the time of the hearing no joint creditors had filed proofs of claim, and the claims bar date expired on June 5, 2002.

Debtor argued at the hearing that Trustee had no basis to object to Debtor's claimed exemptions as any pre-petition joint unsecured debt was extinguished by Debtor's non-filing spouse. Appellant further argued that even if the tenancy by the entirety property was administered, the administration should be limited to payment of joint unsecured creditors, of which there were none at the time the objection was made. The Bankruptcy Court held that non-exempt tenancy by the entirety property should be administered to both joint unsecured creditors and other unsecured creditors in equal priority despite

payment in full of all joint unsecured debt. Debtor now appeals this ruling.

## II. STANDARD OF REVIEW

■ Review of a bankruptcy court's ruling on a trustee's objection to claimed exemptions is a mixed question of law and fact. A district court reviews findings of fact by the bankruptcy court under a clearly erroneous standard. *In re Sublett*, 895 F.2d 1381, 1383 (11th Cir.1990). A bankruptcy court's legal determinations are reviewed *de novo*. *In re Miner v. Bay Bank & Trust Co.*, 185 B.R. 362 (N.D.Fla. 1995).

## III. DISCUSSION

A. *Debtor's tenancy by the entirety property may be administered by the Trustee in the amount of the joint unsecured debt outstanding as of the date of Debtor's bankruptcy filing.*

■ The filing of a bankruptcy petition creates a bankruptcy estate. 11 U.S.C. § 541(a). The bankruptcy estate consists of all legal or equitable interests of the debtor in property as of the commencement of the case, and the debtor's interest in property held as a tenancy by the entireties is included in the estate. *Id.* However, Section 522(b)(2)(B) authorizes a debtor to exempt any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest is exempt from process under applicable non-bankruptcy law. 11 U.S.C. §§ 522(b)(2)(B). Under Florida law, property held as a tenancy by the entireties cannot be reached by a creditor to satisfy the individual debt of one spouse. *Havoco of America, Ltd. v. Hill*, 197 F.3d 1135, 1139 (11th Cir.1999). However, if both spouses are jointly obligated on the debt, then the joint creditor may reach the entireties property. *Id.* Where joint creditors exist, a debtor's equity in entireties property above the amount of the joint obligations qualifies for the Section 522(b)(2)(B) exemption. *Id.; In the Matter of Geoghegan*, 101 B.R. 329 (Bankr. M.D.Fla.1989).

In this case, the parties agree that Debtor and his spouse were liable on one joint debt to Cannon U.S.A. in the amount of $9,401.99 as of December 21, 2001, the date that Debtor filed his bankruptcy petition. Debtor asserts that the Court should disregard this joint obligation because his non-debtor wife paid off the joint debt post-petition on February 25, 2002, and therefore there is no joint debt to be administered. The Court disagrees.

■ The fact that a debtor's non-petitioning spouse has paid off a joint obligation after a petition in bankruptcy has been filed does not retroactively make the entireties property exempt from process immediately before the case was filed. *See In re Kimmel*, 131 B.R. 223, 228 (Bankr. M.D.Fla.1991); *In re Sefren*, 41 B.R. 747 (Bankr.D.Md.1984). It is clear that the decisive moment for evaluating the entireties exemption is "immediately before the commencement of the case ..." 11 U.S.C. §§ 522(b)(2)(B); *In re Kimmel*, 131 B.R. at 228; *In re Sefren*, 41 B.R. at 749. This statutory provision for determining the moment at which the entireties exemption attaches creates a bright-line rule, and the Court sees no reason to deviate from the rule here. Even though the joint obligation to Cannon U.S.A. is now paid in full, it is uncontested that Debtor and his spouse were jointly liable on this debt at the time of the filing of the petition. Therefore, the court below properly held that the Cannon U.S.A. debt was not exempt under § 11 U.S.C. §§ 522(b)(2)(B) *at the time the petition was filed*, and thus

became property of the bankruptcy estate, with the balance of Debtor's entireties property exceeding the joint claims which could have been reduced to judgment and levied upon at the time of the filing of the petition exempt from process under Florida law.

### B. *Non-exempt tenancy by the entireties property within the bankruptcy estate should not be administered to sole creditors.*

There is considerable disagreement among the districts of this circuit, and even among the courts of the several districts, on the issue of whether a trustee must distribute proceeds from entireties property for the benefit of the general estate pursuant to § 726 of the Bankruptcy Code, or whether the proceeds should be used solely to pay joint creditors. *Compare In re Planas,* 199 B.R. 211, 215–19 (Bankr.S.D.Fla.1996); *In re Boyd,* 121 B.R. at 625; *In re Amici,* 99 B.R. 100 (Bankr.M.D.Fla.1989) *with In re Monzon,* 214 B.R. 38, 48–49 (Bankr.S.D.Fla.1997); *Pepenella v. Life Ins. Co. of Ga.,* 103 B.R. 299, 302 (M.D.Fla.1988). The basis for this disagreement was summarized by one court as follows:

> [I]f an individual creditor is allowed to benefit from the entireties property now within the estate, that creditor is in a better position with respect to the debtor than he would be provided under state substantive law. Likewise, if an individual creditor is not allowed this extra benefit, this would violate an aim of the Bankruptcy Code—to equalize distribution among creditors.

*In re Planas,* 199 B.R. at 216. Despite the apparent conflict among and within other jurisdictions, Trustee argues, as the court below held, that the law in this district is settled by *In re Boyd,* 121 B.R. 622 (Bankr.N.D.Fla.1989), which squarely holds that non-exempt tenancy by the entireties property should be administered according to the distribution scheme of § 726. Debtor disagrees, and maintains that the bankruptcy court's opinion in *Boyd* was later vacated by an unpublished opinion of this Court with respect to the issue of the administration of Florida entireties property, and therefore the question in an open issue of law for this Court to determine. *See Boyd v. Strickland,* TCA 90–40132–WS (N.D.Fla. Nov. 1, 1991) (Stafford, Chief J.) (hereinafter *"Boyd II"*). Upon review, the Court agrees that the published judgement of the bankruptcy court in *Boyd* is no longer valid in light of the subsequent opinion of the district court vacating the judgement.

### 1. *In re Boyd, 121 B.R. 622 (Bankr. N.D.Fla.1989) in no longer valid law.*

The facts of *Boyd* are strikingly similar to those of the case at bar. In *Boyd,* a married debtor filed a sole, voluntary petition for bankruptcy under Chapter 7. The debtor's spouse did not join in the petition. The debtor claimed a tenancy by the entireties exception for couple's interest in a condominium held jointly between them and their daughter, and also exemption for the couple's primary residence. Although there were joint creditors of the debtor and his spouse, none of the creditors filed a claim. The question before the bankruptcy court was whether the administration of the entireties property was limited to payment of the joint debt, or if the entireties property could be used to satisfy all of the obligations of the general bankruptcy estate. Relying on *Moore v. Bay,* 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133 (1931), the bankruptcy court held that as long as the conditions of § 363(h) were met, that "the debtor's portion of his equity in the property could be used to satisfy his creditors according to the bankruptcy distribu-

tion scheme" of § 726 of the Bankruptcy Code. *Boyd,* 121 B.R. at 625.

Subsequently, on a motion for rehearing, the debtor's counsel advised the bankruptcy court that the debtor had reaffirmed all his joint debts, and there were no joint creditors holding allowable unsecured claims. Following the denial of a motion for rehearing, the debtor appealed to this Court. In an unpublished opinion, this Court partially reversed the ruling of the bankruptcy court, holding that since there was no longer any joint debt, the opinion regarding administration of the entireties property was merely advisory. Although not expressly stated, the holding of *Boyd II*—that the bankruptcy court's opinion is merely advisory—only makes sense if joint creditors were the only ones that could have received a distribution of the entireties property. The Court finds no other reasonable reading of *Boyd II* which would explain why the bankruptcy court's discussion of the distribution scheme would be mooted by the absence of any joint debt.[1]

Accordingly, the Court finds that, with respect to the bankruptcy court's discussion of the proper distribution scheme for entireties property, *In re Boyd,* 121 B.R. 622 (Bankr.N.D.Fla.1989) was overruled by *Boyd v. Strickland,* TCA 90–40132–WS (N.D.Fla. Nov. 1, 1991). However, because of the vagueness of the latter opinion, it cannot be said that the district court pronounced a persuasive rule of law on this matter, and as such this Court will treat this issue as an open question.

2. *Entireties Property is Exempt for Distribution to Individual Creditors.*

The distribution of assets in a bankruptcy estate is a federal question except to the extent that the Code specifically makes state law controlling. *See City of New York v. Rassner,* 127 F.2d 703 (2d Cir.1942). In this regard, "[s]tate law regulating the distribution of assets among creditors must give way to the all-encompassing federal law of creditors' rights." *Matter of Quanta Resources Corp.,* 739 F.2d 912 (3rd Cir.1984); *see also American Sur. Co. of New York v. Sampsell,* 327 U.S. 269, 66 S.Ct. 571, 90 L.Ed. 663 (1946)("[W]e recently had occasion to reiterate that federal bankruptcy law, not state law, governs the distribution of a bankrupt's assets to his creditors."). The present issue, then, is whether Congress intended state law to control with respect to the distribution of entireties property. The Court finds that Congress has indeed stated an intent to let state substantive law govern the distribution of entireties assets to creditors.

The focus of this debate centers on Section 522(b)(2)(B). Section 522(b)(2)(B) allows the debtor to exempt from the bankruptcy estate entireties property "to the extent" that it is exempt under federal or state law. Neither party disputes that under Florida law property owned by a married couple as tenancy by the entireties cannot be reached by an individual creditor of either spouse. However, Section 522(b)(2)(B), through which the above rule of Florida law is applied, is not a *distribution* scheme. Section 522(b)(2)(B) is only concerned with what property of the debtor does and does not pass into the bankruptcy estate at the time of filing. As discussed above, the bankruptcy estate in this case has already been established and is no longer an issue. The Cannon U.S.A. entireties property was not exempt under

---

1. The Court expressly declines to adopt or adhere to any portion of the *Boyd II* opinion. This Court's treatment of *Boyd II* is limited to finding that it overruled *Boyd* in certain respects.

Florida law at the time the Debtor filed his Chapter 7 petition because a joint creditor existed, and thus the property became part of the estate. As per the Code, the posture of this case is beyond the provisions of Section 522(b)(2)(B) and into the Code's distribution scheme. The question is now whether Florida's limitations on distribution of entireties property to individual creditors as applied through § 522(b)(2)(B) carries over from estate formation and into distribution.

Upon review of the applicable law, the Court finds that the legal arguments for and against the application of the § 522(b)(2)(B) exemption to the distribution of property already in the bankruptcy estate is exhaustively covered in the existing case law, and that the Court has little to add in this regard but to decide which line of cases reflects the proper application of the law. *See generally In re Monzon*, 214 B.R. 38 (Bankr.S.D.Fla.1997) (collecting cases and reviewing at length the applicable law). Although the Court acknowledges that both *Moore v. Bay*, 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133 (1931)[2] and the general distribution scheme of § 726 support the distribution of non-exempt entireties property to all creditors, the Court finds that the plain language of § 522(b)(2)(B) directs courts to follow state substantive law with respect to entireties property. In Florida, the law governing entireties property protects the rights of joint creditors.

Thus, a *pro rata* distribution of entireties property to all creditors would be inconsistent with § 522(b)(2)(B) since that provision was intended to incorporate Florida's protection of these parties. It would make no sense for Congress to enact § 522(b)(2)(B) which entitles joint creditors to reach entireties property in bankruptcy, yet substantially dilute that interest once that property is in the estate by requiring joint creditors to share the entireties property with individual creditors. *Monzon*, 214 B.R. at 48. Since a debtor's individual creditors could never have reached the entireties property under Florida law, they cannot obtain a different and more favorable result in bankruptcy by sharing in the distribution of these assets. *Id.* The Court finds that this majority rule does not violate or hinder the vindication of any federal interest which might require the displacement of state law.

Moreover, the rule adopted today also avoids the patently unfair result that would occur should all creditors be given a *pro rata* share of the entireties property. If entireties property were sold in this case and $9,401.99 were distributed *pro rata* to all creditors having filed claims, Cannon U.S.A., the only joint creditor existing at the time the petition was filed, would receive nothing from the distribution because it did not file a claim. It would be inequitable for sole creditors to share in the distribution of assets that

---

**2.** *Moore* involved a state law that prohibited creditors from arising after the record of a mortgage from upsetting that mortgage. The Supreme Court held that the trustee could not limit distribution of the proceeds of the avoided mortgage to those creditors existing before the record date of the mortgage, but must administer the proceeds for the benefit of the estate. Lower courts have interpreted *Moore* as establishing a universal bankruptcy principle that a trustee must administer the estate

for the benefit of all creditors. However, *Moore* dealt with the former Bankruptcy Act provisions governing the trustee's power to avoid certain transfers; provisions which explicitly requiring the trustee to administer the proceeds of avoided transfers for the benefit of the estate as a whole. There is no such language in the Bankruptcy Act provisions at issue in the instant case. *See Monzon*, 214 B.R. at 46.

would not have come into the estate but for the existence of the Cannon U.S.A. debt towards which no proceeds will be distributed because that debt has already been satisfied outside bankruptcy. Thus, any proceeds from the entireties property distributed would be windfall to sole creditors; a result which the Supreme Court has warned against. *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979).

In light of the foregoing, the Court holds that entireties property which is non-exempt under § 522(b)(2)(B) may be distributed only to that creditor who had rights against the property under Florida law—the joint creditor of both spouses, Cannon U.S.A. Because Cannon U.S.A. declined to file a claim after Mrs. McRae's satisfaction of the joint debt, there are no filing joint creditors in this action to whom the proceeds of the entireties property within the bankruptcy estate can be distributed. Therefore, there is no need for the Trustee to administer any of the non-exempt entireties property.

Accordingly, it is hereby

ORDERED AND ADJUDGED:

The bankruptcy court's August 6, 2002, Order Sustaining Chapter 7 Trustee's Objection to Debtor's Claim of Exemptions (Bankr.Docket No. 59) is **REVERSED**, and this case is **REMANDED** for further proceedings consistent with this order.