United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 3, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-31256

_____

In The Matter Of:  LOUIS J. PROVENZA;
NORTHSHORE NEUROLOGICAL SURGERY
ASSOCIATION, A Professional Medical Corporation,

                                                    Debtors.

- - - - - - - - - - - - - - - - - -

LOUANNE FRIEND,

                                                    Appellee,

                          versus

LOUIS J. PROVENZA,

                                                    Appellant.

Appeals from the United States District Court for
the Eastern District of Louisiana
(USDC No. 02-CV-3045-F)

_____

Before REAVLEY, HIGGINBOTHAM and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion
should not be published and is not precedent except under the limited circumstances

Appellee's motions to dismiss for lack of standing and appellate jurisdiction are denied.

The district court's judgment is affirmed for the following reasons.

The disputed land is not community property. For the purposes of bankruptcy, property of the estate is defined in 11 U.S.C. § 541 and state law governs the characterization of property as community or separate. In re Robertson, 203 F.3d 855, 859 (5th Cir. 2000). Article 3535 of the Louisiana Civil Code provides that "[r]eal rights in immovables situated in another state are governed by the law that would be applied by the courts of that state." Thus, the district court held that Florida and Mississippi provide the relevant law. We took this appeal to address the question of whether Article 3525 preempts Article 3535 as maintained by the bankruptcy court.

Article 3525 reads:

> Upon the termination of the community between spouses, either of whom is domiciled in this state, their rights and obligations with regard to immovables situated in another state acquired during marriage by either spouse while domiciled in this state, which would be community property if situated in this state, shall be determined in accordance with the law of this state . . . .

See LA. CIV. CODE ANN. art. 3525 (emphasis added). The bankruptcy court interpreted this law to govern all foreign immovables that were acquired by either spouse separately or by both spouses together. Conversely, the district court found that this article only covers property acquired by a spouse singly.

---

set forth in 5TH CIR. R. 47.5.4.

2

We agree with the district court. The ordinary meaning of "either" is that it denotes one of two possible options. It is not commonly understood as including the selection of both possible options. Aside from the plain meaning, the rest of the Louisiana Civil Code suggests that the drafters clearly understood there to be a difference between the term "either" and "both" with either being exclusive of both. For example, in article 142, the code states " . . . [t]he court may order *either* or *both* of the parents to provide an interim allowance or final support for a child. . . ." See LA. CIV. CODE ANN. art. 142 (emphasis added). Furthermore, there are instances in the code of using the term "both" without also using "either" which suggests the drafters could have used the term "both" in article 3525 but chose not to.[1]

This interpretation is further supported by Article 3525's Revision comments which state:

> (c) . . . [w]hen the spouses are domiciled in this state at the termination of the community, Louisiana has every legitimate interest, and is constitutionally empowered, to apply its own law of classification and distribution so as to prevent cheating by one Louisiana spouse who uses community funds to buy immovable property in his own name in another state . . . .
> (e) The acquiring spouse's own half. By essentially treating the foreign immovable as if it were community property, this Article adequately protects the non-owner spouse. To give that spouse more under the substantive successions law of the foreign spouse would be giving that spouse much more than is contemplated by the law of either state.

---

[1] See LA. CIV. CODE ANN. art. 2347 ("The concurrence of *both* spouses is required for the alienation, encumbrance or lease of community immovables. . . .") (emphasis added).

3

See LA. CIV. CODE ANN. art. 3525, cmts. (c),(e).  These comments make clear that the interest that Louisiana is interested in protecting is that of the spouse who is cheated by the other spouse buying property in one name but using community funds to finance the sale.  As Louisiana has not clearly expressed a concern about cheating when both spouses purchase foreign immovables, there is no reason to supplant the laws of a foreign state relative to the immovable in that state.  Provenza argues that the interest established by the Louisiana legislature is to prevent Friend from escaping "with the equity of the property and with no responsibility to the community creditors, when in fact, community funds were used during the existence of the marriage while both parties were domiciled in Louisiana to acquire properties outside the State of Louisiana."  This ignores the legislature's description in art. 3525 which concerns protection of the non-owning spouse rather than the duty owed to community creditors.  It also ignores the preference established by art. 3535 to allow the state where the property is located to govern the determination of the property.  Louisiana wishes to respect the interest of a state in governing its own property.  While Louisiana might have some interest here, it recognizes that the interests of the state where the property is located are greater.

Provenza's argument that Article 2340 creates a presumption of community property in this instance is misplaced.  It is a well established canon of construction that a specific provision controls over one of more general application.  Landmark Land Co. v. Office of Thrift Supervision, 948 F.2d 910, 912 (5th Cir. 1971).  Article 3535 speaks

4

more clearly to the current situation than Article 2340's general presumption of community property.

Similarly, Provenza's reliance on the preference identified in the RESTATEMENT (SECOND) OF CONFLICTS OF LAW is misplaced. While the RESTATEMENT establishes " a preference to have a single law govern the assignment of a debtor's interests rather than have as many laws as there are states in which the debtor has property," again the specific governs the general. Louisiana has a specific law that directs the court to look at the laws of another state in this instance.

Provenza urges that Florida holds that any property jointly held by spouses when one files for bankruptcy means that the tenancy assets are subject to bankruptcy proceedings. He cites In re Geoghegan, 101 B.R. 329, 300 (Bankr. M.D. Fla. 1989) and In re McRae, 282 B.R. 704, 709 (Bankr. N.D. Fla. 2002) to support this proposition. In re Geoghegan holds that property held in tenancy by the entirety is property of the bankruptcy estate when one of the spouses files for bankruptcy. In re McRae holds that if there is joint debt of a married couple when one spouse files for bankruptcy, then the tenancy assets are subject to bankruptcy. As the marriage's dissolution occurred prior to the filing for bankruptcy, it is clear that Florida does not consider the land to be community property. In re McRae and In re Geoghegan simply do not speak to the situation presented in this case.

Provenza further argues that Friend is not entitled to the distribution of the

5

Mississippi property under 11 U.S.C. § 363(j) because her half ownership did not vest under a partition.  He cites In re Hendrick in favor of this proposition. 45 B.R. 976 (M.D. La. 1985).  Again, however, the cited case rests on the proposition that there is community property to be disposed of.  The Hendrick court stated

> § 363(h) does not apply to property of the estate; it applies to property jointly owned by the bankruptcy estate and by a third party. . . . Since the estate owns the interest of both the debtor and the non-debtor spouse, there is no other entity to be concerned with § 363(h).

Id. at 987-88.  Yet here, the contested property is not community property nor property of the estate under 11 U.S.C. § 541(a)(2).  Section 89-1-7 of the Mississippi Code authorizes spouses to hold land as either tenants in common, joint tenants, or tenants by the entirety. As the warranty deed clearly states that Provenza and Friend held title as "joint tenants with full rights of survivorship as tenants in common," the property ought not be characterized as community property under Mississippi law.  Thus, the limitation on § 363(h) does not apply in this instance.


AFFIRMED.